Argued October 30, affirmed November 21, 1916.
Rehearing denied January 9, 1917.

# RAINEY *v.* RUDD.*

(160 Pac. 1168.)

**Wills—Liability of Legatees—Debt of Decedent—What Law Governs.**

1. Where a note was payable in Colorado and the will of the maker, whereby defendants became residuary legatees, was probated in that state, the payee's right of action, if any, to subject property in the hands of the legatees to the payment of the note arose in Colorado, and was governed by its law.

---

*For authorities on the question of liability of heirs or legatees **for** obligations of ancestor, see note in 21 L. R. A. 89.     REPORTER.

**Wills—Liability of Legatee—Common Law.**

2. At common law, no action can be maintained against a legatee upon a contract made by the decedent, as the legatee takes the property only after it has passed from the administrator or executor, in whose hands alone it is liable for the debts of the decedent.

**Descent and Distribution—Wills—Liability of Heir.**

3. The liability of an heir and devisee is confined to the real estate, with which the administrator or executor has nothing to do.

**Evidence—Judicial Notice—Statutes of Another State.**

4. The Supreme Court will not take judicial notice of the statutes of another state.

> [As to admissibility of printed copy of statutes to prove law of another jurisdiction, see note in Ann. Cas. 1916D, 853.]

**Evidence—Presumption—Statutes of Another State.**

5. Where the statutes of another state are not pleaded, it will be presumed that upon the questions involved the common law prevails.

**Wills—Liability of Legatee—Action on Note—Complaint.**

6. Under Section 488, L. O. L., making legatees liable to a suit in equity by a creditor of the testator to recover the value of any legacy received by them, and providing plaintiff shall not recover unless he shows that no assets were delivered by the executor or administrator to the next of kin, that the value of such assets has been recovered by some other creditor, or that such assets are not sufficient to satisfy his demand, the complaint, in an action on a note against the legatees under the will of the maker, silent as to the statutory prerequisites, was demurrable.

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.    Statement by MR. JUSTICE BENSON.

This is a suit by Roy Rainey and Iva Rainey against Jessie S. Rudd and Arthur H. Rudd, wherein it is sought to subject property in the hands of residuary legatees to the payment of a promissory note of the testator. The allegations of the complaint disclose substantially the following facts: That on March 14, 1904, Wm. M. B. Sarell executed and delivered to Anna E. Rainey, then residing in Florida, a promissory note for $750, payable at the office of John Hipp in Denver, Colorado, one year after the death of the maker; that on August 13, 1905, Anna E. Rainey died in Florida, leaving a will whereby plaintiffs, as resid-

uary legatees, became the owners and holders of the note; that Sarell, the maker of the note, died in Colorado on May 21, 1908, leaving a will, whereby the defendants became residuary legatees, and received from the estate property of the value of about $3,000. All of the parties to the suit are now residents of Oregon. Plaintiffs did not learn of Sarell's death until after the final settlement of his estate, and therefore failed to present their claim to the executor, and now bring this proceeding.

A demurrer to the complaint having been sustained, plaintiffs declined to plead over, a decree was entered dismissing the suit, and plaintiffs appeal.

AFFIRMED. REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. Thomas M. Dill.*

For respondents there was a brief and an oral argument by *Mr. A. S. Cooley.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. In the complaint it appears affirmatively that the defendants received whatever property they derived from the Sarell estate as legatees and not otherwise. It is contended by counsel for defendants that the complaint is fatally defective, in that it fails to plead any statute of the State of Colorado, giving a right of action against legatees for the debts of a testator. The note upon which this suit is predicated was payable at the office of John Hipp in Denver, Colorado, and the will of the maker thereof was probated in the same state. Therefore the right of action, if any exist, arose in Colorado and "the law of the place where the

right was acquired or the liability incurred will govern as to the right of action'': *Bergman* v. *Inman,* 43 Or. 456 (72 Pac. 1086, 73 Pac. 341, 99 Am. St. Rep. 771).

2, 3. At common law, no action can be maintained against a legatee upon a contract made by the decedent. The liability of the heir and devisee is confined to the real estate descended, with which the administrator or executor has nothing to do, while the next of kin and legatee take the property only after it has passed from the administrator or executor, in whose hands alone, under the common law, it is liable for the debts of the deceased: 14 Cyc. 207; 2 Woerner, Am. Law of Adm. (2 ed.), § 574. We must therefore look to the statutes for the right to follow assets into the hands of a legatee for the debts of a testator.

4, 5. No statute of Colorado, where the right of action, if any arose, is pleaded which permits the suit to be prosecuted, and it has been held by this court that it will not take judicial notice of the statutes of another state, and, if they are not pleaded, it will be presumed that upon the questions involved the common law prevails.

6. Even if it could be held that the right of action arose in this state, the complaint is equally insufficient, for the statute contains the following provisions:

"Legatees are liable to a suit in equity by a creditor of the testator to recover the value of any legacy received by them. The suit may be maintained against all the legatees jointly, or against any one or more of them severally. In such suit the plaintiff shall not recover unless he shows:

"1. That no assets were delivered by the executor or administrator * * to his next of kin; or,

"2. That the value of such assets has been recovered by some other creditor; or,

"3. That such assets are not sufficient to satisfy the demand of the plaintiff": Section 488, L. O. L.

The complaint is silent as to each of these prerequisites. It follows that no error was committed in sustaining the demurrer, and the decree is affirmed.

<div align="center">AFFIRMED.   REHEARING DENIED.</div>

---

<div align="center">

Motion to dismiss appeal allowed December 19, 1916,
Rehearing denied January 9, 1917.