Argued April 11, affirmed June 19, 1923.

## ROOT *v.* VAWTER ET AL.

(215 Pac. 982.)

**Wills—Creditor may not Sue Legatee or Devisee for Partnership Debts of Testator Without Showing Insolvency of Partnership.**

1.   While the common-law rule that a partner's estate stood absolutely discharged from liability for partnership debts, except in equity, has been relaxed so as to enable a creditor to collect directly from the estate of the deceased partner as provided in Sections 484–500, Or. L., a creditor who sues a legatee or devisee must show insolvency of the partnership as required by Section 488.

---

1.   Rights of heirs of deceased partner in partnership real estate as against personal representative of deceased partner, see note in 27 L. R. A. 352.

Wills—Inability of Surviving Partner to Pay Partnership Indebtedness Held not Ground for Predicating Laches Against Surviving Partner in Suit Against Legatee of Deceased Partner to Enforce Partnership Liability.

2. Where a payment by a surviving partner on a partnership indebtedness would be a necessary condition to the surviving partner's right to obtain redress in equity against the legatee of the deceased partner (Sections 484–500, Or. L.), laches could not be predicated against the surviving partner solely upon his pecuniary inability to have paid the partnership debts or a portion of it sooner.

Wills—Notice to Executors and Their Failure to Act upon It Held not Presentation of Claim Which will Support Action Against Legatee.

3. A notice to the executors of an estate and their failure to act upon it was not the presentation and rejection of a claim, which will support an action under Sections 484–500, Or. L., by a surviving partner against the legatees of the deceased partner to enforce an alleged partnership liability, where such notice was in the nature of a warning to the executors of the surviving partner's intention to hold deceased partner's estate liable for damages incurred by the surviving partner in an action against him to force collection of the partnership indebtedness.

From Jackson: F. M. CALKINS, Judge.

Department 1.

This is a suit under Sections 484–500, Olson's Oregon Laws, to enforce an alleged liability against the legatees under the last will and testament of W. I. Vawter, deceased.

The complaint states, in substance: That about July 1, 1909, W. I. Vawter and John M. Root, the husband of plaintiff, entered into a partnership for the purpose of buying and selling real estate in Jackson County, Oregon. That on December 28, 1910, the firm bought a tract of land from George A. Morse, which tract is particularly described in the complaint and contained eighty acres of land. That said tract was conveyed to Root, who received title in his individual name but in trust for the partnership, and who on behalf of the partnership made his note for the balance of the purchase price,

$8,000, with interest at 6 per cent per annum, payable on or before December 28, 1914. That on July 29, 1910, (*sic*) Morse sold and assigned this note to H. M. McFarland. That the partnership failed to pay the note or interest thereon and that in July, 1915, McFarland commenced an action at law upon the note against the defendant John M. Root and Annie M. Root, his wife, for the sum of $8,841.33, with interest thereon at 6 per cent per annum, together with $200 as attorney's fees and $16 costs and disbursements. That no part of said judgment has ever been paid except the sum of $3,000 paid thereon on the eleventh day of March, 1916. That said judgment remains in full force and effect, an obligation against John M. Root and Annie M. Root, his wife, for the balance thereof. That on the second day of February, 1916, W. I. Vawter died in Jackson County, testate, seised of property, real and personal, therein. That on the sixteenth day of February, 1916, his will was duly proved and admitted to probate and letters testamentary were duly issued to Etta M. Vawter and Vernon H. Vawter, who qualified as executrix and executor and duly administered upon the estate. That at the date of the death of W. I. Vawter said partnership owned no property and no assets whatever. That under and by virtue of the last will of W. I. Vawter, deceased, Etta M. Vawter, Vernon H. Vawter and William I. Vawter were named as the sole legatees and devisees of all of the estate, both real and personal, of said deceased, in equal shares. That said estate was fully administered upon by the executrix and executor and, pursuant to the terms of the will, the personal property of the deceased, of the value of more

than $70,000, was by the executors on or about
October 13, 1917, pursuant to orders of the court,
turned over and distributed to the said legatees.
That thereafter said executors were by said court
duly discharged from all obligations and liabilities
as such and said estate was duly closed. That
heretofore, on the twenty-seventh day of February,
1920, plaintiff paid upon said judgment to said H. M.
McFarland the sum of $75 and that no part thereof
has been repaid to her by the defendants although
payment thereof has been duly demanded. Plaintiff
asked for a decree of the court against John M. Root
and the legatees of W. I. Vawter, deceased, for the
sum of $75, with interest since the date of payment,
and for her costs and disbursements.

The defendants answered, denying upon informa-
tion and belief the partnership between W. I. Vaw-
ter and John M. Root and the purchase by such
alleged partnership of the property described in the
complaint; admitted that the plaintiff and John M.
Root executed their promissory note to Morse, but
denied on information and belief that it was for any
partnership or that W. I. Vawter had any connec-
tion with the transaction; admitted that John M.
Root had failed to pay the note and that one Mc-
Farland commenced an action against Root and plain-
tiff and recovered a judgment, as alleged in the
complaint, but denied any connection of W. I. Vaw-
ter with the note or any default on the part of any
partnership; admitted the death of W. I. Vawter,
the probate of his will and the distribution of the
property of the deceased and again denied, on in-
formation and belief, any knowledge of the alleged
partnership; denied upon information and belief

the payment of $75 by plaintiff and the other allegations of the complaint not specifically admitted.

For a further defense defendants set up the fact of the death of W. I. Vawter; the appointment of Etta M. Vawter and Vernon H. Vawter as executrix and executor of his will; the fact that Etta M. Vawter, Vernon H. Vawter and William I. Vawter were the sole legatees and distributees; and the final distribution of the estate and the discharge of the executrix and executor on October 13, 1917. The defendants further set forth that about April, 1916, and prior to the closing and settlement of the estate, John M. Root and Annie M. Root, his wife, duly presented to the executors of the estate a claim then and there alleged to be due and owing from the estate of W. I. Vawter on account of a note identical in description with the note here in suit, the claimants alleging that the estate of W. I. Vawter was liable for one-half of the note or one-half of the deficiency judgment recovered by H. M. McFarland who in due course had become the owner thereof, including costs and interest, against John M. Root and Annie M. Root, his wife. Defendants alleged that the executors never allowed the claim and then and there, and prior to the closing of the estate, advised John M. Root and Annie M. Root, the plaintiff, that the claim was rejected in all things; that the claim was never presented to the County Court, sitting in probate in the matter of the estate of W. I. Vawter, deceased, nor was any action taken by plaintiff to enforce the collection thereof either during the lifetime of W. I. Vawter or during the time his estate was being administered upon. A copy of the alleged claim is annexed to the answer and is as follows:

"In the Circuit Court of the State of Oregon for
Jackson County.
"H. M. McFarland, Plaintiff,
v.
John M. Root and Annie M. Root, his wife, Defend-
ants.
"Notice.
"To the estate of W. I. Vawter, deceased, and Etta
M. Vawter, Executrix, and Vernon H. Vawter,
Executor, of the said estate:
"You are hereby notified that in the above entitled
cause the plaintiff is attempting to sell under an
execution obtained in the said cause, the home of the
undersigned John M. Root and Annie M. Root; that
the debt which resulted in said judgment was and is
owned jointly by John M. Root and the estate of
W. I. Vawter, deceased; that the facts showing said
indebtedness are fully set out in an affidavit dated
August 10th, 1915, filed in the above entitled cause,
of which W. I. Vawter had notice during his life-
time, and at or about the date of the said affidavit;
and you are hereby called upon to discharge one-
half of the original indebtedness as evidenced by the
judgment rendered in the above entitled cause, and
are called upon not to permit the said home to be
sacrificed, as the said John M. Root and Annie M.
Root are without funds with which to protect said
home from sacrifice.
"You are further notified that the action of the
above named plaintiff in instituting the above entitled
action and prosecuting the same to judgment, and
all subsequent proceedings therein, were taken at the
request and at the instance of the said W. I. Vawter
and that the estate of the said W. I. Vawter is liable,
and will be held liable, not only for the one half of the
said indebtedness and costs and expenses which were
the obligation of the said W. I. Vawter during his life-
time, but also for such damages as shall result from
proceedings taken in the above entitled action.
"And you are further notified, as appears in the
affidavit above referred to and which is made a

part hereof, that except for the representations of the said W. I. Vawter that there was no personal liability upon the note of the said John M. Root and Annie M. Root, sued on in the above entitled action, that the said John M. Root and Annie M. Root would not have executed or delivered said note; that the estate of the said W. I. Vawter, deceased, is liable for the value of any property which may be taken under an execution in the above entitled cause which was not included in the purchase price mortgage of said John M. Root and Annie M. Root to said George A. Morse mentioned and described in the affidavit of John M. Root of August 10th, 1915, on file in the above entitled cause; and is also liable for any additional damages resulting from further proceedings in the above entitled cause and will be so held to account for such damages.

"You are therefore requested to immediately take such proceedings as will protect the undersigned against any further damage resulting from the institution of the above entitled action.

"John M. Root,
"Annie M. Root.
"By A. E. Reames, Their Attorney."

And for a second further defense defendants alleged that the note and claim were not presented to W. I. Vawter by John M. Root and Annie M. Root during the lifetime of W. I. Vawter and no demand was made by Root and his wife to collect the same from Vawter although Vawter did not die until February 2, 1916, and no demand of any kind had been made by Root and the plaintiff to collect the same until shortly prior to the institution of this suit; that by reason of such delay plaintiff has been guilty of laches and should not be permitted to maintain this suit and proceeding.

It is also pleaded, as a third defense, that in the action brought by McFarland against John M. Root

and Annie M. Root, his wife, the defendants in that action presented a motion claiming that W. I. Vawter was obligated for one-half of the amount sued on and asking that he be made a party defendant in the action. There is no allegation as to what was done by the court in reference to the motion, but it is apparent that Vawter was not made a party.

Upon the trial there was some evidence introduced tending to show that John M. Root and W. I. Vawter entered into some arrangement for the purpose of buying and selling real property and that they bought a tract of land from one Morse, paying about $22,000 in cash and bonds, and that the note for $8,000 was given for the deferred payment, but the testimony as to any general partnership is vague and confined principally to that of plaintiff's husband. There is no evidence tending to show what the condition of the alleged partnership estate is or whether it is solvent or insolvent. Neither is there any evidence tending to show that any portion of the alleged partnership estate, if any was left, was turned over to the defendants.

There was a decree for defendants, from which plaintiff appeals.                          AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Porter J. Neff.*

For respondents Vawter there was a brief over the names of *Mr. Geo. M. Roberts* and *Mr. T. W. Miles,* with an oral argument by *Mr. Roberts.*

McBRIDE, C. J.—The condition here is peculiar. There is no doubt but that there was some sort of a partnership between W. I. Weaver and John M. Root

during Vawter's lifetime, and there is little doubt but that the $8,000 note for which McFarland obtained judgment was given on behalf of the partnership. What the arrangements were between the parties subsequent to the giving of this note rests very largely upon the testimony of Mrs. Root (the plaintiff) and her husband. It is a somewhat remarkable fact that no attempt was made during the lifetime of Vawter to enforce his liability. And if Root and his wife were insolvent or if Root was insolvent it appears somewhat remarkable that McFarland made no attempt to collect his claim against Vawter, who appears to have been a comparatively wealthy man, during his lifetime and made no claim against his estate after his death.

It is true that the plaintiff could not have collected or required contribution from Vawter or his estate without paying the judgment or some part of it. There was no attempt by anybody to have administration of the partnership estate; nor was there any such administration; nor is there any showing as to what has become of the partnership estate, if any existed, and nothing to indicate that it may not be sufficient in itself to discharge the remainder of the partnership debt, if indeed there was any partnership liability. Section 488, Or. L., provides, among other things, that the plaintiff before he can recover from a legatee shall show that the assets of the partnership are not sufficient to satisfy the demand. As held by us in *Rainey* v. *Rudd,* 82 Or. 461 (160 Pac. 1168), in an action against a legatee the plaintiff must show that no assets were delivered by the executor or administrator to the next of kin (which we think sufficiently appears here), or that there are not sufficient assets outside of those turned over to

the legatee to satisfy the plaintiff's demand. There is absolutely no such proof here. For aught that appears in the testimony the plaintiff's husband may still be in possession and control of at least forty acres of the property purchased from Morse and that property might be entirely adequate to discharge this debt. There is no evidence as to what disposition was made of this partnership property except that John M. Root says that he deeded forty acres of it to W. I. Vawter. No evidence of the record of such a deed is presented and it is possible that the property still stands on the records in the name of John M. Root.

1. In the case of the death of a partner the common-law rule was that his estate stood absolutely discharged from liability for partnership debts except in equity, and even in equity the collection of a debt against his estate was subject to many conditions; and while this rule has been relaxed to the extent that a creditor may in certain instances proceed in equity to collect directly from the estate, it has never been extended in this state to the extent of permitting a creditor to sue a legatee or devisee without showing the insolvency of the partnership. That not appearing, the decree of the lower court must necessarily be sustained so far as it relates to the present suit and this cause dismissed, but without prejudice to the bringing of another suit when the plaintiff shall have paid the debt, or a portion of it, and shall be able to show that the partnership estate is insolvent or that its assets have disappeared.

2. We have not discussed the question of laches and do not pass upon it here because we think it unnecessary. Laches could not be predicated, we think, solely upon the pecuniary inability of the

plaintiff to have paid his debt or a portion of it sooner, as such payment would be a necessary condition to her obtaining any redress in equity. Were this a suit brought by a general creditor whose claim had matured during the administration of the estate we would have no hesitation in saying that it was barred, not only by laches, but by the terms of the statute itself; but the claim here presented stands upon a different footing and it should be only in a very clear case that the court should assume laches to exist as a matter of law.

3. We are not disposed to regard the notice served upon the Vawters and their failure to act upon it as the presentation and rejection of a claim, the failure to prosecute which by appeal to the county court would become a bar in this action. It is entitled in the Circuit Court and in the case of *McFarland* v. *Root and Wife.* There is no demand that the estate pay John M. or Annie M. Root anything, nor does it refer to any general partnership between John M. Root and W. I. Vawter. It rather seems to be in the nature of a warning to the executors that if Vawter's alleged share of the purchase price is not paid by them and the Roots are thereby put to any unnecessary expense or damage the estate will be held liable. It was evidently so considered by the executors who did not formally reject it.

The suit is dismissed without prejudice to such further remedy as future exigencies may suggest to plaintiff.                    AFFIRMED.

BURNETT, HARRIS and RAND, JJ., concur.