Argued December 1, affirmed December 22, 1925.

OLIVE HERSEY v. A. C. GEGENHEIMER.

(241 Pac. 976.)

Pleading—Refusal to Permit Amended Answer to Conform to Proof Held not Erroneous.

1. Amended answer, pleading defense under law of Washington, where plaintiff resided, that automobile in which plaintiff was riding when injured was community property, and that she and her husband were engaged in a joint enterprise, was not permissible under Section 102, Or. L., to conform pleadings to proof, where there was no evidence of law of Washington in that regard, and tendered amendment did not allege such law.

Pleading—Amended Pleading, Tendered to Make Pleadings Conform to Proof, not Allowed Unless Evidence of Facts Exists.

2. Before an amended pleading, tendered to make pleadings conform to proof, can be allowed, there must be evidence of the fact pleader claims to have proved.

---

2. See 21 R. C. L. 579.

Evidence—Judicial Notice of Statutory Law of Another State not Taken.

3. Courts of Oregon cannot take judicial notice of what statutory law of another state is.

Evidence, 23 C. J., p. 133, n. 30.
Pleading, 31 Cyc., p. 448, n. 65.
Statutes, 36 Cyc., p. 1241, n. 86.

From Multnomah: D. R. PARKER, Judge.

Department 1.

This is an action for damages on account of personal injuries received in a collision of two automobiles at a street intersection in the City of Portland. The plaintiff is the wife of the driver of one of the automobiles. During the progress of the trial it developed that the plaintiff and her husband had been residents of the State of Washington for three years immediately prior to the accident. At that time they were moving their residence from Washington to the State of California, traveling in an automobile purchased for that purpose. Thereupon and before the case was submitted to the jury the defendant moved for an order permitting him to file an amended answer under Section 102, Or. L., so that he could plead the defense that the automobile in which plaintiff was riding was community property; that the plaintiff and her husband were engaged in a joint enterprise in that they were moving their domicile as aforesaid. The amended answer was tendered. A motion for permission to file it, however, was denied. The refusal of the court to allow the amended answer to be filed and his refusal to give certain instructions ap-

3.  See 15 R. C. L. 1071.
    116 Or.—30

propriate to the defense set up in the amended answer are the assignments of error on this appeal.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. James L. Conley.*

For respondent there was a brief over the name of *Messrs. Lonergan & Wagner,* with oral arguments by *Mr. Frank J. Lonergan* and *Mr. Neal R. Crownse.*

COSHOW, J.—The defendant bases his right to file an amended answer in order to conform the pleadings to the proof. There was neither proof of the law of Washington nor an allegation in the amended answer tendered setting up the law of Washington upon which the defendant relied.

1, 2. There are two reasons why the Circuit Court properly denied the motion for permission to file the amended answer tendered. First, there was no evidence offered of the law of Washington relied upon by the defendant. Before an amended pleading tendered to make the pleadings conform to the proof can be allowed, there must be evidence of the fact the pleader claims to have proved. It is obvious that unless there was some evidence of the fact relied upon by the defendant he was not entitled to file an amended answer to conform to the proof. The defendant assumed that the automobile was community property under the law of Washington. There was no evidence of what the law of Washington is in that regard.

3. Second, there is no allegation of what the law of Washington is in that behalf in the answer tendered. Before the defendant would be permitted to introduce evidence of the statutory law of Washing-

ton, he must have alleged what that law is. The courts of this state cannot take judicial notice of what the statutory law of another state is: *Levine* v. *Levine,* 95 Or. 94, 104 (187 Pac. 609); *Rainey* v. *Rudd,* 82 Or. 461, 464 (160 Pac. 1168); *Scott* v. *Ford,* 52 Or. 288, 294 (97 Pac. 99); *De Vall* v. *De Vall,* 57 Or. 128, 137, par. 8 (109 Pac. 755, 110 Pac. 705).

For these reasons the judgment appealed from is affirmed.                                     AFFIRMED.

BURNETT, RAND and BELT, JJ., concur.