On respondent's motion to dismiss appeal filed August 6, appeal dismissed September 27, reconsideration denied October 30, petition for review denied November 23, 1976

HOY, *Respondent,*
*v.*
JACKSON et al, *Appellants.*
(No. 82468, CA 6717)
554 P2d 561

Charles D. Burt, Salem, appeared for the motion.

Don A. Dickey, and Rhoten, Rhoten & Speerstra, Salem, appeared contra.

SCHWAB, C. J.

**SCHWAB, C. J.**

Plaintiff filed this action for damages allegedly caused by defendants' negligence. Defendants moved for summary judgment, claiming that prior litigation between the parties[1] was a bar to the present action under the res judicata or collateral estoppel doctrine. The trial court denied the motion for summary judgment.[2] Defendants filed notice of appeal. Plaintiff has moved to dismiss the appeal on the ground that an order denying a motion for summary judgment is not appealable.

Oregon's recently enacted summary judgment statute (Oregon Laws 1975, ch 106, p 92, codified as ORS 18.105) is obviously patterned after Rule 56 of the Federal Rules of Civil Procedure, as are the summary judgment statutes of many other states.[3] Therefore, case law interpreting the federal rule and similar state statutes is entitled to considerable weight.

Such cases appear to be unanimous in holding that a res judicata or collateral estoppel issue can properly be determined by way of a motion for summary judgment. Annotation, 95 ALR2d 648 (1964).

> "* * * On a motion for summary judgment the court cannot try issues of fact. It can only determine whether there are issues to be tried * * *." C. Wright, Federal Courts 442 (2d ed 1970).

---

[1] *Hoy v. Jackson,* 23 Or App 681, 543 P2d 1086 (1975), Sup Ct *review denied* (1976).

[2] The trial court's action is capable of different interpretations. The court's letter of June 29 to counsel concluded: " * * * I, therefore, hold that plaintiff is not collaterally estopped from relitigating the issue of defendants' negligence." This can be read as a decision in plaintiff's favor on the merits of the collateral estoppel issue.

The court's order of July 1 concluded: "IT IS HEREBY ORDERED that the Motion for Summary Judgment is hereby denied." This can be read as only a decision that it is not yet possible to resolve the collateral estoppel issue because there is some material issue of fact. For present purposes we adopt this latter interpretation of the trial court's action.

[3] The six subsections of ORS 18.105 are the same as six of the seven subsections of Rule 56 of the Federal Rules of Civil Procedure. The other subsection of the federal rule permits a partial summary judgment on some issues in a case, Rule 56(d); it was not adopted as part of the Oregon statute.

[ 897 ]

Stating the same concept in the words of our statute, the party moving for summary judgment must establish: (1) "there is no genuine issue as to any material fact"; and (2) he "is entitled to judgment as a matter of law." ORS 18.105(3). If the moving party fails to so establish, it is only a determination that there is conflicting evidence on an issue that must be resolved by proceeding to trial.[4]

So viewed, it is not surprising that the cases appear to be virtually unanimous in holding that an order denying a motion for summary judgment is not appealable. Annotation, 15 ALR3d 899 (1967). Defendants, in effect, concede the general rule is adverse, but rely on a handful of cases, representing a minority position, that allow appeals from orders denying summary judgment in exceptional circumstances.

Oregon statutes foreclose recognition of such exceptions. ORS 19.010 only permits appeals from final judgments and decrees. An order denying summary judgment is neither final, nor a judgment or a decree. ORS 19.010(2)(a) defines a judgment or decree as including

"[a]n order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

Assuming an order denying summary judgment affects a substantial right, it does not determine anything about the merits of the action or suit, nor does it in any way prevent a judgment therein. As the Supreme Court has recently stated:

"* * * The policy of ORS 19.010 is clear. Orders are not appealable until the controversy is completely and finally settled in the trial court * * *." *Moran v. Lewis,* 274 Or 631, 633-34, 547 P2d 627 (1976).

For the foregoing reasons, we hold that an order

---

[4]In Oregon, the fact issues germane to a res judicata/collateral estoppel issue are determined by the court, not the jury. *Meyers v. Burwell,* 271 Or 84, 530 P2d 833 (1975).

denying a motion for summary judgment is not appealable.

Appeal dismissed.