Submitted on briefs March 1, appeal dismissed for want of jurisdiction and remanded for further proceedings March 28, 1978

SMALLWOOD, *Respondent,*

*v.*

ERLANDSON, *Appellant.*

(TC 33267, SC 25362)

576 P2d 374

Ralf H. Erlandson, Milwaukie, filed a brief in propria persona.

James K. Gardner, Hillsboro, filed a brief for respondent.

PER CURIAM.

## PER CURIAM.

This is an action to recover damages for alleged negligence of the defendant. Defendant moved for summary judgment, and plaintiff moved for partial summary judgment on the issue of liability only. Defendant's motion was denied, and plaintiff's motion was granted. The trial court's order specifically provides: "* * * and that the case shall proceed to trial on the issue of plaintiff's damages only."

Defendant filed a notice of appeal from the order denying his motion and granting plaintiff's motion, reciting in his notice of appeal: "* * * which Order effectively determines this action."

Upon our own motion, we dismiss this appeal for want of jurisdiction[1] in this court because the appeal is untimely.

Our appellate jurisdiction is limited and springs from statute. *Andrysek v. Andrysek,* 280 Or 61, 569 P2d 615 (1977); *Lulay v. Earle, Wolfer,* 278 Or 511, 564 P2d 1045 (1977). The statute which defendant apparently believes would provide jurisdiction is ORS 19.010(2)(a):

> "(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

> "(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

Under this statute the trial court's order is appealable only if it both affects a substantial right and in effect determines the action so as to prevent a judgment. The granting of plaintiff's motion for partial summary judgment does affect a substantial right but does not prevent a judgment. Obviously, the order does not *prevent* a judgment for either plaintiff or defendant. In order to establish her case, moreover, plaintiff must prove that she was injured and consequently entitled

---

[1] We are not concerned here with ORS 2.516, since this appeal was filed prior to January 2, 1978.

to damages as a result of defendant's negligence. Defendant, therefore, cannot assert jurisdiction in this court under ORS 19.010(2)(a).

Since ORS 19.010(2)(a) is a statute of ancient vintage, it remains to inquire whether ORS 18.105, concerning summary judgments, has amended or repealed ORS 19.010(2)(a) in any way. We hold that with application to this case it has not.

We first consider the order denying defendant's motion for summary judgment. In order to have prevailed on that motion, defendant must have established that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. The trial judge's denial of defendant's motion was a determination that there was conflicting evidence on an issue that must be resolved by proceeding to trial. The overwhelming weight of authority is that an order denying a motion for summary judgment is not appealable. *See* the annotation at 15 ALR3d 899 (1967) and *Hoy v. Jackson,* 26 Or App 895, 554 P2d 561 (1976). Such an order "in effect" does not determine the action so as to *prevent* a judgment and therefore fails to meet the second requirement of ORS 19.010(2)(a).

Next, we consider whether ORS 18.105 has by implication amended or repealed ORS 19.010(2)(a) with respect to partial summary judgment on the issue of liability alone. ORS 18.105(3) in terms provides that a partial summary judgment on the issue of liability alone is "interlocutory in character." Rather than presenting any conflict between that statute and ORS 19.010(2)(a), the summary judgment law appears to be an intentional action by the legislature to avoid conflict. We hold that such an order is not appealable under either ORS 18.105(3) or ORS 19.010(2)(a). *See, for example,* Fed.R.Civ.P. 56(c) and *Stewart Title and Trust of Phoenix v. Ordean,* 528 F2d 894 (9th Cir 1976), interpreting Fed.R.Civ.P. 56(c), the language of which in this respect is identical to ORS 18.105(3).

Appeal dismissed for want of jurisdiction and case remanded for further proceedings.