Argued and submitted January 30, affirmed May 22, 1985

# FIRST INTERSTATE BANK
# OF OREGON,
*Appellant,*

*v.*

# HAYNES,
*Respondent.*

## (139479; CA A32123)

699 P2d 1168

Lee C. Nusich, Portland, argued the cause and filed the briefs for appellant.

Marion B. Embick, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

■ This is an action against the residuary legatee of an estate for restitution of a portion of the amount paid to him by the estate. Plaintiff seeks the imposition of a constructive trust. The trial court denied plaintiff's motion for summary judgment and dismissed the action, because the complaint failed to state a claim and because plaintiff had failed to exercise its statutory remedies against the estate. Plaintiff assigns as error the dismissal of the action.[1]

For the purpose of this appeal, we take as true the facts as pleaded by plaintiff. Defendant was the personal representative of the estate of Marie Morris Chin from April 7, 1982, to February 8, 1983. He was also the residuary legatee of the estate. Marie was married to William Chin until his death in September, 1977. Before his death, William had been receiving monthly Social Security benefits, which were automatically credited by direct deposit to William's and Marie's joint account at plaintiff's Salem branch. William's right to Social Security terminated on his death.

Plaintiff was notified of William's death but inadvertently failed to notify the United States Department of the Treasury (department),[2] which continued to send checks to plaintiff for direct deposit until April 2, 1982, at which time it discovered its error. The total amount of the monthly payments deposited was $20,590.

On October 15, 1982, the department made demand on plaintiff for reimbursement. Under the provisions of 31 CFR § 210.9,[3] plaintiff was accountable for the payments and

---

[1] Plaintiff also ascribes error to the denial of the motion for summary judgment. An order denying a motion for summary judgment is not generally reviewable, and the order here is not. *See Smallwood v. Erlandson,* 281 Or 699, 702, 576 P2d 374 (1978); *see Hoy v. Jackson,* 26 Or App 895, 554 P2d 561 (1976); *compare Cochran v. Connell,* 53 Or App 933, 632 P2d 1385 (1981).

[2] In affidavits defendant claims that Marie Chin notified the Social Security Administration. That fact is not material to our determination whether plaintiff's complaint states a claim, and we confine our review to the complaint.

[3] Section 210.9 provides, in pertinent part:

"(a) When, because of the death or legal incapacity of a recipient or the death of a beneficiary, one or more credit payments should have been returned to the Government, a financial organization shall be accountable to the Government for the total amount of any such credit payments * * *."

paid the whole amount to the department on December 7, 1982. On December 8, 1982, plaintiff filed a written claim for $20,590 on defendant as personal representative of Marie's estate. The claim was properly disallowed as untimely, the final account having been filed on November 17, 1982. On January 26, 1983, the Marion County Circuit Court approved the final accounting and decreed defendant to be the residuary legatee of the estate. On February 8, 1983, the estate was closed.

Plaintiff instituted this action on February 16, 1983. On defendant's motion, the trial court dismissed the action, reasoning that plaintiff's claim was against the estate and not against the residuary legatee. We agree.

The provisions for claims against an estate are set forth in ORS chapter 115. A claim on a debt, whether absolute or contingent, is presented to an estate in the manner provided in ORS 115.005. If the claim is disallowed, the claimant has 30 days within which to request a summary determination of the claim or to commence a separate action against the personal representative. ORS 115.145(1). If neither action is taken, "the claim, to the extent disallowed by the personal representative, is barred." ORS 115.145(2).

Plaintiff attempts to circumvent the statutes on the theory that its claim for unjust enrichment against the estate did not arise until after it had paid the department for the wrongful deposits and after the deadline for the filing of claims against the estate. It argues:

> "The plaintiff's cause of action against the estate was therefore not a claim against the decedent, Marie Morris Chin, to be presented to the personal representative, rather it was a cause of action against the estate itself seeking restitution for the unjust enrichment of the estate * * *. However, before legal action could be commenced against the estate, the estate was closed and plaintiff, therefore, chose to follow the unjust enrichment to the [defendant]."

Although plaintiff concedes that its action arises out of a claim for indemnity against the estate rather than against the beneficiary, plaintiff urges that the proper closure of the estate does not shield the beneficiary from an action to recover the alleged unjust enrichment.

■    We do not see a legal basis for plaintiff's attempted distinction. Plaintiff calls its action one for restitution and for imposition of a constructive trust, but the basis of the action is a claim, contingent or otherwise, which could, and should, have been made against the estate. Plaintiff failed to follow the available statutory procedures. It could have filed a timely claim aginst the estate, but did not, and did not challenge the personal representative's disallowance of its claim or the final accounting.[4] ORS 115.145(1); ORS 116.103. The claim is barred under ORS 115.145(2). Plaintiff may not now have equitable relief against the residuary legatee.[5]

■    Although it is true that plaintiff has relieved the estate of a large obligation, it does not follow that the beneficiary of the estate has been unjustly enriched. Defendant did not owe a debt to the federal government and did not benefit directly from the bank's payment of the estate's obligation. Plaintiff's complaint does not even allege that defendant has been unjustly enriched, only that the funds are traceable to him. Even if the funds are traceable, such an allegation is not sufficient to state a claim for unjust enrichment. The trial court correctly dismissed this action.

Affirmed.

---

[4] There is no allegation that the personal representative acted improperly in connection with the closing of the estate.

[5] There is no statutory or common law right to an action against a residuary legatee for the debts of the testator. See *Rainey v. Rudd,* 82 Or 461, 160 P 1168 (1917).