On petition for review of defendants Grill filed February 7, 1986, from order of Court of Appeals dated November 27, 1985, dismissing portions of appeal, petition for review allowed, reversed and remanded March 11, 1986

EMPLOYEE BENEFITS INSURANCE COMPANY
*Respondent on Review,*

*v.*

GRILL et al,
*Petitioners on Review,*

*and*

STATE OF OREGON, DEPARTMENT
OF REVENUE,
*Respondent on Review.*

(No. 83-10-368; CA A36740; SC S32468)

715 P2d 491

No appearance contra.

## MEMORANDUM OPINION

The claim for relief was for judgment of foreclosure of trust deeds. The trial court allowed plaintiff's motion for summary judgment and entered judgment accordingly. Defendants Grill moved to set aside the judgment, expressly basing the motion on ORCP 71B, while arguing that their motion was based on evidence available only after the ruling on the motion for summary judgment. The trial court denied the motion to set aside the judgment.

Within 30 days of the entry of the order denying the motion to set aside the judgment but more than 30 days after judgment, defendants Grill appealed from the judgment and the order denying the motion to set aside the judgment. Plaintiff moved to dismiss the appeal from the judgment as being not timely. Defendants Grill opposed the motion, relying on *Cooley v. Roman,* 286 Or 807, 810-11, 596 P2d 565 (1979), and an argument that their motion to set aside the judgment, despite its text, was actually a motion for a new trial under ORCP 64. The Court of Appeals allowed the motion to dismiss the appeal from the judgment as being not timely and entered an order dismissing the appeal from the judgment.

In *Cooley v. Roman, supra,* we held that a motion to set aside a summary judgment qualifies as a motion for a new trial within the meaning of ORS 19.026(2). The order of dismissal is reversed and the cause is remanded to the Court of Appeals.