Submitted on remand from the Oregon Supreme Court January 29, on respondent's motion to dismiss filed April 3, 1986, appeal dismissed February 11, reconsideration denied May 1, petition for review allowed June 2, 1987 (303 Or 483)

# CARTER et al,
*Respondents,*

*v.*

# UNITED STATES NATIONAL BANK OF OREGON,
*Appellant.*

## (L85-0997; CA A39448)

732 P2d 934

David Morrison, Roseburg, and Heiling & Morrison, Roseburg, for motion.

James N. Westwood and John F. Neupert, Portland, and Miller Nash, Wiener, Hager & Carlsen, Portland, appeared contra.

Before Young, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

This case was remanded to us for reconsideration in light of the Supreme Court's memorandum opinion in *Employee Benefits Insurance v. Grill,* 300 Or 587, 715 P2d 491 (1986), which relied on *Cooley v. Roman,* 286 Or 807, 596 P2d 565 (1979).[1]

In our former opinion, 81 Or App 11, 724 P2d 346 (1986), we held that a trial court ruling granting a motion to reconsider a summary judgment was not an order granting a new trial. We so held because, under ORCP 64A, adopted after the decision in *Cooley v. Roman,* a new trial is defined as a "reexamination of an issue of fact in the same court after judgment" and an order granting a summary judgment is a determination that there is no issue of fact. Therefore, we concluded that an order setting aside a summary judgment is a determination only that there is an issue of fact which must be examined by a trier of fact for the first time.

In our opinion, we had distinguished *Cooley v. Roman,* because it was decided before the enactment of ORCP 64A and relied on the definition of "trial" as including an examination of issues of law. *See former* ORS 17.025. We said:

"As we understand *Cooley v. Roman, supra,* and *State*

---

[1] In *Employee Benefits Insurance v. Grill,* 300 Or 587, 715 P2d 491 (1986), the Supreme Court said:

"The claim for relief was for judgment of foreclosure of trust deeds. The trial court allowed plaintiff's motion for summary judgment and entered judgment accordingly. Defendants Grill moved to set aside the judgment, expressly basing the motion on ORCP 71B, while arguing that their motion was based on evidence available only after the ruling on the motion for summary judgment. The trial court denied the motion to set aside the judgement.

"Within 30 days of the entry of the order denying the motion to set aside the judgment but more than 30 days after judgment, defendants Grill appealed from the judgment and the order denying the motion to set aside the judgment. Plaintiff moved to dismiss the appeal from the judgment as being not timely. Defendants Grill opposed the motion, relying on *Cooley v. Roman,* 286 Or 807, 810-11, 596 P2d 565 (1979), and an argument that their motion to set aside the judgment, despite its text, was actually a motion for a new trial under ORCP 64. The Court of Appeals allowed the motion to dismiss the appeal from the judgment as being not timely and entered an order dismissing the appeal from the judgment.

"In *Cooley v. Roman, supra,* we held that a motion to set aside a summary judgment qualifies as a motion for a new trial within the meaning of ORS 19.026(2). The order of dismissal is reversed and the cause is remanded to the Court of Appeals."

*Farm Mutual Auto. Ins. Co. v. Olsen, supra,* the holding in those cases was based on the definition under *former* ORS 17.025 that a 'trial' includes the judicial examination of issues of law. Under that definition, a summary judgment proceeding in which a court is asked to resolve *only* issues of law, is a 'trial.' The situation changed with the repeal of *former* ORS 17.025 and the enactment of ORCP 64.

"Nothing in the ORCP defines 'trial,' but ORCP 64A defines 'new trial' as '*a reexamination of an issue of fact* in the same court after judgment.' * * * ORCP 64B provides, in part:

"'* * * A former judgment may be set aside and a new trial granted in an action *where there has been a trial by jury* on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party * * * '

"ORCP 64C provides that the grounds for a new trial in ORCP 64B apply in actions '*tried* without a jury.' * * * A summary judgment proceeding does not involve the *examination* of issues of fact; indeed, if an issue of material fact exists, summary judgment must be denied. An order reconsidering and vacating a summary judgment does not grant a 'new trial;' rather, it allows the case to proceed to a trial at which issues of fact will be examined for the first time, not 'reexamined.' " 81 Or App at 14. (Emphasis in original.)

*Employee Benefits Insurance v. Grill* does not require a different result. In *Grill,* a motion for summary judgment was allowed, and a motion to set the summary judgment aside was made under ORCP 71B (relief from judgment based on mistake, inadvertance, excusable neglect or newly discovered evidence), not under ORCP 64 (new trial). The reason asserted for the motion was that there was new evidence "available only after the ruling on the motion for summary judgment." *Employee Benefits Insurance v. Grill,* 300 Or at 589. The Supreme Court held that the motion qualified as one for a new trial. Newly discovered evidence is a ground both to set aside a judgment under ORCP 71B and for a new trial under ORCP 64. We believe that the Supreme Court in *Grill* merely disregarded the erroneous citation of ORCP 71B and considered the substance of the motion as properly cognizable under ORCP 64 as a new trial motion. Its opinion contains no analysis of the point we made in our former opinion.

 As the *Grill* court pointed out, *Cooley v. Roman, supra,* did hold that a motion to set aside a summary judgment

qualifies as a motion for a new trial under ORS 19.026(2). However, the analysis Judge Linde employed in *Cooley* depended upon the definition of "trial" contained in *former* ORS 17.025 as "the judicial examination of the issues between the parties whether they be of fact or law." After *Cooley,* the legislature adopted ORCP 64A and defined a "new trial" as a *reexamination* of an issue *of fact* only. That definition applies, we believe, both to ORCP 64B and ORCP 64C. We continue to believe that a summary judgment determines only that there is *no* issue of fact to examine. *See Forest Grove Brick v. Strickland,* 277 Or 81, 87, 559 P2d 502 (1977); *Hunt v. Anderson,* 284 Or 225, 227, 585 P2d 1134 (1978). An order setting aside a summary judgment does not permit reexamination of an issue of fact, but permits examination of an issue of fact for the first time. If we are correct in that conclusion, a motion setting aside a summary judgment is not an order for a new trial under ORS 19.026 in the light of ORCP 64.

The Supreme Court has not yet explained nor, so far as we can tell, even considered the effect, if any, on *Cooley v. Roman, supra,* of the definition of "new trial" under ORCP 64A.

Appeal dismissed.