Argued and submitted January 26, appeal dismissed August 5, reconsideration denied September 25, petition for review allowed December 30, 1987 (304 Or 680)

ALT,
*Appellant,*

*v.*

CITY OF SALEM et al,
*Respondents.*

(147203; CA A37416)

740 P2d 216

William G. Paulus, Salem, argued the cause for appellant. With him on the briefs was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Paul Andrew Lee, Assistant City Attorney, Salem, argued the cause for respondents. With him on the brief was William J. Juza, City Attorney, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff was fired from his job with the Salem Fire Department because of an incident in which he had responded to a fatal single-car accident, found a twenty dollar bill in the vehicle and put it in his pocket. The Civil Service Commission affirmed the termination. On writ of review, the trial court upheld the dismissal. Plaintiff filed a motion for a new trial, pursuant to ORCP 64C, requesting that the judgment be set aside and a new trial granted on the ground that there is insufficient evidence to justify the judgment and that "it is against the law." The court denied that motion. Plaintiff filed a notice of appeal to this court 44 days after entry of the original judgment, but less than 30 days after entry of the order denying the motion. Defendants have moved to dismiss the appeal.

If a motion for a new trial is made, ORS 19.026(2) extends the time for filing a notice of appeal to 30 days after entry of the order that disposes of that motion. Defendants argue that plaintiff's motion was not a proper motion for a new trial; therefore, the appeal should be dismissed as untimely. We agree.

The general rule in a writ of review proceeding is that the trial court is limited to review of the record made in the tribunal below and cannot conduct a *de novo* or evidentiary proceeding. The exceptions to that rule relate only to establishing *procedural* irregularities, defects or misconduct. *Bienz v. City of Dayton,* 29 Or App 761, 784, 566 P2d 904, *rev den* 280 Or 171 (1977); *Tierney v. Duris,* 21 Or App 604, 610, 536 P2d 431, *rev den* (1975); *Duddles v. City Council of West Linn,* 21 Or App 310, 328, 535 P2d 583, *rev den* (1975). In this case, there are no factual questions; the only questions are about the legal adequacy of the notice and hearings. Because the trial court's initial review only involved issues of law, there were no issues of fact to be re-examined after its judgment, as required by the definition of "new trial" in ORCP 64A.[1] *See Carter v. U.S. National Bank,* 83 Or App 587, 591, 732 P2d 934, *rev allowed* 303 Or 483 (1987). The motion for a new trial did

---

[1] "A new trial is a re-examination of an issue of fact in the same court after judgment."

not toll the time for appealing under ORS 19.026; therefore, the notice of appeal was 14 days late.

Appeal dismissed.