Argued and submitted September 1, reversed and remanded to Court of Appeals
December 22, 1987

CARTER et al,
*Respondents on Review,*

*v.*

UNITED STATES NATIONAL BANK OF OREGON,
*Petitioner on Review.*

(TC L85-0997; CA A39448; SC S33802)

747 P2d 980

John F. Neupert, Portland, argued the cause on behalf of the petitioner on review. With him on the petition were James N. Westwood, Michael W. Mosman and Miller, Nash, Wiener, Hager & Carlson, Portland.

David Morrison, Roseburg, argued the cause on behalf of the respondents on review.

Before Peterson, Chief Justice, and Lent, Linde, Carson, Jones and Gillette, Justices.

GILLETTE, J.

Peterson, C. J., concurred and filed an opinion.

## GILLETTE, J.

The issue in this case is whether an order granting a motion to set aside a summary judgment is an appealable judgment or decree. We hold that it is.

This is a civil case. On February 24, 1986, the trial court entered an order granting the motions of defendant U. S. National Bank (Bank) for summary judgment. On February 27, 1986, plaintiffs filed a motion to "reconsider" the order granting summary judgment. No one disputes that this motion was timely. Without responding to plaintiffs' motion, however, the trial court entered judgment for Bank on March 3, 1986. On March 20, 1986, the trial court granted plaintiffs' motion, vacated the March 3, 1986, judgment and denied Bank's motions for summary judgment. Bank appealed the March 20, 1986, order. The Court of Appeals dismissed the appeal, holding that an order granting a motion to set aside a summary judgment is not appealable. *Carter v. U. S. National Bank,* 81 Or App 11, 724 P2d 346 (1986). Bank sought review. In a memorandum opinion, this court reversed the order of dismissal and remanded the case to the Court of Appeals for reconsideration in light of *Employee Benefits Ins. v. Grill,* 300 Or 587, 715 P2d 491 (1986). *Carter v. U. S. National Bank,* 302 Or 459, 730 P2d 37 (1986). On remand, the Court of Appeals adhered to its former opinion, *Carter v. U. S. National Bank,* 83 Or App 587, 732 P2d 934 (1987), and we again allowed review.

Bank argues that the trial court's order of March 20, 1986, was "[a]n order setting aside a judgment and granting a new trial" and, therefore, was appealable under ORS 19.010(2)(d).[1] Several of our prior decisions have treated a motion to set aside a summary judgment as the equivalent of a motion for a new trial. However, none of those decisions dealt with the question whether the order resulting from the motion was immediately appealable.

The first of our decisions was *State ex rel State Farm*

---

[1] That statute provides:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(d) An order setting aside a judgment and granting a new trial."

*Mutual Auto Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979). There, the issue was whether the trial court exceeded its authority in entertaining a motion to set aside a summary judgment when the motion was filed more than 10 days after the filing of the judgment. At that time, *former* ORS 17.615 (repealed by Or Laws 1979, ch 284, § 199)(now ORCP 64F.) provided that:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within 10 days after the filing of the judgment sought to be set aside, or such further time as the court may allow. * * *"

The defendant in *Olsen* argued that, although a summary judgment was certainly a "judgment," it was rendered without a trial and *former* ORS 17.615 did not apply when there has been no "trial." This court disagreed, noting that "[w]hen a motion for summary judgment is properly granted, * * * the case is at issue and the court determines, upon the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits' that 'there is no genuine issue as to any material fact * * *,' " and concluded that "a motion to set aside a summary judgment sufficiently involves a request to reexamine the factual assertions of the parties that it corresponds to a motion for a new trial" for the purposes of *former* ORS 17.615. *Id.* at 182-83. We therefore held that a motion to set aside a summary judgment was not timely when it was filed more than 10 days after entry of the judgment. *Id.*

In *Cooley v. Roman,* 286 Or 807, 596 P2d 565 (1979), the issue was whether the plaintiff's notice of appeal was timely when it was filed more than 30 days after the entry of the judgment appealed from but less than 30 days after the plaintiff's motion to set aside the summary judgment was denied. ORS 19.026(2) allows 30 days for filing a notice of appeal after entry of an order disposing of a "motion for a new trial." Relying on *Olsen,* this court held that a timely motion to set aside a summary judgment was a motion for a new trial within the meaning of ORS 19.026(2). *Id.* at 811.

*Employee Benefits Ins. v. Grill, supra,* was another case of a dismissed appeal involving procedural facts almost identical to those in *Cooley.* The appellant there argued that its post judgment motion, labelled in the trial court as a

motion to set aside a summary judgment under ORCP 71B., actually was a motion for a new trial under ORCP 64.[2] If it was the latter, the appeal was timely. If not, the appeal was filed too late. The Court of Appeals dismissed the notice of appeal. This court, relying on *Cooley,* reversed the order of dismissal of the Court of Appeals.

In this case, the Court of Appeals initially held that a motion to set aside a summary judgment is not the equivalent of a motion for a new trial. The court concluded that *Olsen* and *Cooley* were no longer valid, because they were based on the definition of a "trial" under *former* ORS 17.025 (repealed by Or Laws 1979, ch 284, § 199), which provided:

> "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact."

After *Olsen* and *Cooley* were decided, the legislature repealed *former* ORS 17.025 and adopted ORCP 64A., which defines a "new trial" as a "reexamination of an issue of fact in the same court after judgment." The Court of Appeals reasoned that the legislature intended to change the definition of a "new trial." It concluded that:

> "* * * A summary judgment proceeding does not involve the *examination* of issues of fact; indeed, if an issue of material fact exists, summary judgment must be denied. An order reconsidering and vacating a summary judgment does not grant a 'new trial'; rather, it allows the case to proceed to a

---

[2] ORCP 71B. provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64F. * * *."

ORCP 64B. provides, in part:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial."

ORCP 64C. provides that, in a case tried without a jury, a new trial may be granted on any of the grounds set out in ORCP 64B.

trial at which issues of fact will be examined for the first time, not 'reexamined.'

"Here the trial court granted defendants' motions for summary judgment, ruling that they were entitled to judgment *as a matter of law.* On plaintiffs' motion, the trial court reconsidered and found that genuine issues of fact exist so that a summary judgment is not permissible. The trial court decided that the case should proceed to trial so that the issues of fact could be developed and examined. That trial would examine the issues of fact for the first time; therefore, it is not a 'new trial' as that term is defined in ORCP 64A. The March 20 order does not grant a new trial; it denies a motion for summary judgment and cannot be appealed under ORS 19.010(2)(d)."

81 Or App at 15 (emphasis in original).

The Court of Appeals did not mention our decision in *Employee Benefits Ins. v. Grill, supra,* which was decided after the legislative changes discussed above, but nonetheless relied on *Cooley.* We allowed petitioner's petition for review and remanded to the Court of Appeals for consideration in light of *Grill. Carter v. U. S. National Bank,* 302 Or 459, 730 P2d 37 (1986).

On remand, the Court of Appeals adhered to its former opinion, stating that:

"*Employee Benefits Insurance v. Grill* does not require a different result. In *Grill,* a motion for summary judgment was allowed, and a motion to set the summary judgment aside was made under ORCP 71B (relief from judgment based on mistake, inadvertance [sic], excusable neglect or newly discovered evidence), not under ORCP 64 (new trial). The reason asserted for the motion was that there was new evidence 'available only after the ruling on the motion for summary judgment.' *Employee Benefits Insurance v. Grill,* 300 Or at 589. The Supreme Court held that the motion qualified as one for a new trial. Newly discovered evidence is a ground both to set aside a judgment under ORCP 71B and for a new trial under ORCP 64. We believe that the Supreme Court in *Grill* merely disregarded the erroneous citation of ORCP 71B and considered the substance of the motion as properly cognizable under ORCP 64 as a new trial motion. Its opinion contains no analysis of the point we made in our former opinion."

*Carter v. U. S. National Bank, supra,* 83 Or App at 590.

The attempt of the Court of Appeals to limit *Grill* is unpersuasive. In that opinion, we expressly relied on *Cooley* for the proposition that "a motion to set aside a summary judgment qualifies as a motion for a new trial." 300 Or at 587. We turn to an examination of *Cooley*'s validity in light of the legislative changes described by the Court of Appeals.

The Court of Appeals believed that it was writing on a clean slate in this case because it found that "[t]he Supreme Court has not yet explained nor, so far as we can tell, even considered the effect, if any, on *Cooley v. Roman, supra,* of the definition of 'new trial' under ORCP 64A." 83 Or App at 591. The difficulty with this argument is that ORCP 64A. was taken *verbatim* from *former* ORS 17.605, which was in effect when *Olsen* and *Cooley* were decided. There is no indication that the legislature intended any substantive change when it repealed *former* ORS 17.605 and reenacted it as ORCP 64A. The adoption of ORCP 64A. does not necessarily invalidate *Olsen* and *Cooley*. Because we did not discuss the definition of a "new trial" in those cases, however, we shall do so here.

For the purposes of argument, we accept the conclusion of the Court of Appeals that the definition of a "new trial" in ORCP 64A. suggests that a "trial" must involve the examination of issues of fact. In that court's view, the court in a summary judgment proceeding examines only issues of law. The court concluded that, with the repeal of *former* ORS 17.025, such an examination no longer qualifies as a "trial." Thus, an order setting aside a summary judgment does not permit a "new" trial; it only means that the factual issues will be "tried" for the first time.

We disagree. Admittedly, a summary judgment proceeding does not decide *contested* facts; that is, the court does not at that time resolve conflicts in the evidence. The court does, however, "examine" *issues of fact,* in that it examines the parties' factual assertions to determine whether there is any material conflict in the evidence or, if there is not, whether a party is entitled to judgment as a matter of law. This court recognized as much in *Olsen,* where we stated that a motion to set aside a judgment involves "a request to reexamine the *factual assertions* of the parties." 285 Or at 182-3 (emphasis supplied). The Court of Appeals thus erred in holding that a summary judgment proceeding no longer qualifies as a "trial"

and that a motion to set aside a summary judgment no longer can be considered a motion for a new trial on that account. We turn to other arguments that can be advanced in favor of the disposition of this case made by the Court of Appeals.

In this case, the order granting summary judgment and the judgment entered thereon, preceded the order vacating the judgment and denying summary judgment. Orders denying summary judgment ordinarily are not appealable under ORS chapter 19. *Smallwood v. Erlandson,* 281 Or 699, 702, 576 P2d 374 (1978).[3] From this well-settled rule, it can be argued that, for the purpose of efficient judicial administration, a denial of summary judgment is nothing more than an interlocutory decision, no matter how or when that denial is obtained. To treat such a denial as interlocutory if made in the first instance, but appealable if by a fortuity it is made after a motion for summary judgment was first allowed, a judgment was entered and an intervening and timely motion for reconsideration had been filed, could be said to make the process everything and the nature of the order itself irrelevant. This argument, however, is too simplistic. What we have here is not merely an order denying a summary judgment. It is also an order *setting aside* a previously-entered *judgment.*

A single illustration demonstrates that a true anomaly would be created by acceptance of plaintiff's argument. ORCP 64G. permits a trial judge to grant a new trial after judgment on the court's own initiative any time within 30 days of entry of judgment. There can be little doubt that, absent any motion, a judge could enter an order setting aside a judgment like the one in this case pursuant to ORCP 64G. And, if this were done, there can be equally little doubt that such an order would be appealable as "an order setting aside a judgment and granting a new trial" under ORS 19.010(2)(d). No decent respect for symmetry can permit the origin of the reason for the order setting aside the judgment—whether the motion of a party or the judge's own initiative—control the appealability of the order.

---

[3] *See also First Interstate Bank v. Haynes,* 73 Or App 714, 716 n 1, 699 P2d 1168, *opinion adhered to,* 75 Or App 18, 704 P2d 1165 (1985); *St. Paul Fire & Marine Ins. v. Speerstra,* 63 Or App 533, 536, 666 P2d 255 (1983); *All-States Leasing v. Pacific Empire Land Corp.,* 31 Or App 733, 736, 571 P2d 192 (1977); *Hoy v. Jackson,* 26 Or App 895, 898-99, 554 P2d 561 (1976).

What the Court of Appeals had before it in this case was an order setting aside a judgment and granting a new trial. Such an order is appealable. ORS 19.010(2)(d).[4]

The order of the Court of Appeals dismissing the appeal is reversed. The case is remanded to the Court of Appeals for further proceedings.[5]

**PETERSON, C. J.,** concurring.

I concur in the result but write separately to comment generally on motions to reconsider.

The so-called "motion for reconsideration" appears neither in the Oregon Rules of Civil Procedure nor in any other Oregon statute. Lawyers filing motions to reconsider after entry of judgment might better denominate such a motion as a "motion asking for trouble," for questions arise concerning whether the filing of such a motion extends the time for appeal. Of what effect is an order entered after judgment on such a motion? Does the time for appeal run from entry of the order? Does the 55-day period of ORCP 65F. apply? ("* * * the motion [to set aside a judgment and for a new trial] shall be heard and determined by the court within 55 days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied.") *Cf. State ex rel State Farm Mutual Auto Insurance Co. v. Olsen,* 285 Or 179, 182-83, 590 P2d 231 (1979). Use of such motions creates uncertainty and should be discouraged.

---

[4] Our disposition of the case on this basis makes it unnecessary to address Bank's alternative argument under ORS 19.010(2)(c). That section makes appealable a "final order affecting a substantial right, and made in a proceeding after judgment or decree."

[5] We emphasize that this opinion addresses what orders are "appealable." We do not answer the recurring and unresolved questions about when an appealable order must be appealed. *Olsen, Cooley* and *Grill* answer that question in a particular context. The problem occurs in a broader spectrum. *See, e.g., Alt v. City of Salem,* 86 Or App 627, 740 P2d 216 (1987) (petition for review pending) (effect of motion to reconsider on timeliness of appeal in writ of review proceeding); *Schmidling v. Dove,* 65 Or App 1, 670 P2d 166 (1983) (motion to reconsider filed in a law action where motion for a new trial would also be available). Uncertainties about timely appeals are exacerbated by lack of a firm rule on what effect, if any, a "motion to reconsider" (or its equivalent) has on enlarging the time within which parties must file a notice of appeal. Neither do we address the complications that can arise when the motion to reconsider is filed before the judgment is entered, as occurred in this case. *See Highway v. Fisch-Or,* 241 Or 412, 399 P2d 1011, *opinion modified* 406 P2d 539 (1965)(motion for new trial filed before entry of judgment was timely, in absence of adversary's objection).