On the Court of Appeals' own motion, appeal and cross-appeal dismissed April 6, 1988

ALTERNATIVE REALTY,
*Appellant - Cross-Respondent,*

*v.*

MICHAELS et al,
*Respondents - Cross-Appellants.*

(86-96453; CA A42687)

753 P2d 419

Andrew Clement, Eugene, for appellant - cross-respondent.

Brian Michaels and Susanne Stockman, Eugene, *pro se* for respondents - cross-appellants.

Before Warden, Presiding Judge, and Warren and Deits, Judges.

WARREN, J.

## WARREN, J.

Landlord appeals from the denial of attorney fees after prevailing in this FED action on the basis of named tenants' failure to vacate the premises after 30 days' notice. ORS 91.855. Tenants cross-appeal.

On December 2, 1986, there was a trial to the court, and landlord prevailed. The trial judge ruled orally from the bench that he would not award attorney fees to landlord. A judgment was entered on December 9; it did not award fees. On that same day, landlord filed a motion to reconsider the denial of fees. That motion stated:

> "COMES NOW the Plaintiff and moves this Court to reconsider its determination that the prevailing party in this action, Alternative Realty, not be allowed its permitted award of attorney fees. This motion is based upon the Affidavit of [plaintiff's] attorney * * * and the Memorandum of Law attached hereto and incorporated by reference herein."

On January 5, 1987, the trial judge issued a letter denying reconsideration. However, no order was ever entered disposing of the motion. On January 8, the 30th day after entry of judgment, landlord filed a notice of appeal. On February 4, tenants filed a notice of cross-appeal.

As noted by Chief Justice Peterson in his concurring opinion in *Carter v. U.S. National Bank, supra,* 304 Or 538, 546, 747 P2d 980 (1987):

> "The so-called 'motion for reconsideration' appears neither in the Oregon Rules of Civil Procedure nor in any other Oregon statute. Lawyers filing motions to reconsider after entry of judgment might better denominate such a motion as a 'motion asking for trouble' for questions arise concerning whether the filing of such a motion extends the time for appeal."

Those words anticipate the issue here: What effect, if any, did landlord's motion to reconsider have on the time for filing a notice of appeal under ORS 19.026?[1]

---

[1] At the relevant time, ORS 19.026 provided, in part:

"(1) Except as provided in subsections (2) and (3) of this section, the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from.

"(2) Where any party has served and filed a motion for a new trial or a motion

■ The Supreme Court and we have treated certain motions for reconsideration as motions for new trial. In *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979), the defendant moved the trial court to reconsider and set aside a summary judgment. The motion was filed later than the 10 days allowed in which to file a motion for a new trial. *Former* ORS 17.615.[2] The parties there did not argue that a motion to reconsider was not equivalent to a motion for a new trial, and the Supreme Court did not examine the issue. It treated the motion as coming within the statute and held that the trial court had exceeded its statutory authority, because it had entertained the motion after the 10 day limit.

In *Carter v. U.S. National Bank, supra,* 304 Or 538,

---

for judgment notwithstanding the verdict, the notice of appeal of any party shall be served and filed within 30 days after the earlier of the following dates.

"(a) The date of entry of the order disposing of the motion.

"(b) The date on which the motion is deemed denied, as provided in ORCP 63D or 64F.

"(3) Any other party who has appeared in the action, suit or proceeding, desiring to appeal against the appellant or any other party to the action, suit or proceeding, may serve and file notice of appeal within 10 days after the expiration of the time allowed by subsections (1) and (2) of this section. Any party not an appellant or respondent, but who becomes an adverse party to a cross appeal, may cross appeal against any party to the appeal by a written statement in the brief."

ORCP 63D provides:

"A motion for judgment notwithstanding the verdict shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow. The motion shall be heard and determined by the court within 55 days of the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

ORCP 64F provides:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed not later than 10 days after the entry of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counteraffidavits, such party shall file the same within 10 days after the filing of the motion, or such further time as the court may allow. The motion shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

[2] *Former* ORS 17.615 read, in part:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within 10 days after the filing of the judgment sought to be set aside, or such further time as the court may allow * * *."

the plaintiffs filed a motion to "reconsider" an order granting summary judgment to the defendant. The trial court granted the motion. We held that a later order setting aside the summary judgment was not appealable. *Carter v. U.S. National Bank,* 83 Or App 587, 732 P2d 934, *rev'd* 304 Or 538, 747 P2d 980 (1987). We reasoned that, under ORCP 64A, a new trial is defined as a "reexamination of an issue of fact in the same court after judgment" and an order granting summary judgment is a determination that there is *no* issue of fact. Therefore, an order setting aside a summary judgment is not an order for a new trial appealable under ORS 19.026. The Supreme Court reversed, holding that a summary judgment proceeding does examine issues of fact, because it examines the parties' factual assertions to determine whether there is any material conflict in the evidence. In so doing, the Supreme Court noted that it had previously treated a motion to set aside a summary judgment as the equivalent of a motion for a new trial.[3] It did *not* hold that every motion for reconsideration is a motion for a new trial for purposes of triggering the time requirements of ORS 19.026(2). Chief Justice Peterson's concurrence makes it clear that whether such a motion would extend the time for appeal is an open question.

In *Schmidling v. Dove,* 65 Or App 1, 670 P2d 166 (1983), the defendant filed a motion to reconsider more than 10 days after the entry of an order after judgment[4] which had held him in contempt.[5] Because the defendant had not timely

---

[3] In *Cooley v. Roman,* 286 Or 807, 596 P2d 565 (1979), and in *Employee Benefits Ins. v. Grill,* 300 Or 587, 715 P2d 491 (1986), motions to "set aside" summary judgments, *see* ORCP 64F, were treated as motions for new trials when the motions were timely filed and called for reexaminations of fact. In *Employee Benefits Ins.,* the defendant expressly asserted that there was newly discovered evidence, a statutory ground for a new trial motion.

[4] ORS 19.010(2)(c).

[5] The parties proceeded on the assumption that the contempt was an equitable proceeding, and the defendant argued that his motion to reconsider was one which had been used in equitable proceedings. He contended that, because ORCP had abolished the distinctions between equity and law for most purposes, his motion to reconsider should be seen as a motion for a new trial in order to extend the time for appeal.

While noting that a contempt proceeding was not equitable, we recognized the validity of the defendant's position. A motion for a new trial was not available in equity proceedings before ORCP. *See Cooley v. Roman, supra,* n 3. The result was that the motion for reconsideration arose in equity in order to seek the same action which could be sought by a motion for a new trial in an action at law. We recognized that after the enactment of ORCP, motions for a new trial were available in equity.

filed his motion to reconsider under ORCP 64F, we dismissed the appeal and said, "[P]arties seeking reconsideration are in reality seeking the same action sought by a motion for a new trial." 65 Or App at 5. That language should not be read, however, to suggest that every motion for reconsideration is the equivalent of a motion for a new trial. We expressly disapprove any such suggestion. The context of *Schmidling* makes it clear that, before a motion to reconsider can be taken as a motion for a new trial, it must comply with ORCP 64.

In *Schmidling,* we admonished lawyers not to file "motions for reconsideration." However, as this case and *Carter v. U.S. National Bank, supra,* show, attorneys continue to do so. The result is confusion as to whether a motion is a request for a new trial so as to extend the time in which to file a notice of appeal or whether the motion serves the narrower purpose merely to get a trial judge to rethink a decision.

Shortly after our decision in *Schmidling,* the Supreme Court decided *City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983), which holds that a judgment has to be clearly labeled as a judgment in order to be appealable. The court reasoned that, not only does ORCP 78 clearly require a judgment, but also that "[c]ounsel contemplating an appeal must be able to rely on that document * * *." 296 Or at 194.

■ The ability to rely on the form of what is filed when "reconsideration" is requested is also needed here. ORS 19.026(2) clearly states that the time for filing an appeal will be extended when a "motion for a new trial or judgment notwithstanding verdict" has been filed. It does *not* by its terms extend the time to appeal when a motion for reconsideration has been filed. An opposing party must be able to rely on the document in order to determine the time for filing a notice of appeal and should not be at risk of having to guess whether or not a "motion for reconsideration" with attached affidavits and memoranda is actually a request for a new trial. Henceforth, any document not clearly labeled as a motion for a new trial or judgment notwithstanding the verdict will not extend the 30-day period for filing a notice of appeal under ORS 19.026.

■ ■ Because our holding is prospective only, we must determine whether landlord's "motion for reconsideration"

here sought the same result as a motion for a new trial. In order to seek a new trial, the party must ask that a judgment or an appealable order be set aside so that a reexamination of an issue of fact may be made. *See Carter v. U.S. National Bank, supra,* 304 Or 538. A motion for a new trial must also clearly set forth the grounds upon which it is based. ORCP 64B;[6] ORCP 64C.[7] Although under ORS 91.755, an award of attorney fees in a landlord-tenant proceeding is discretionary, reconsideration of a denial of fees requires a reevaluation of the facts upon which the determination was based. Although landlord's motion did not specify any statutory grounds, its memorandum of law attached to the motion argued that, although attorney fees are discretionary, exercise of that discretion could not be arbitrary. We conclude that the argument raises an error of law under ORCP 64B(1) or (6), because a claim that a trial court has abused its discretion is decided as a matter of law. *See Hiatt v. Congoleum Industries,* 279 Or 569, 576, 569 P2d 567 (1977). Landlord's motion to reconsider was the equivalent of a motion for a new trial.

Under ORS 19.026(2), a motion for a new trial prevents filing an effective notice of appeal until either an order is

---

[6] ORCP 64B provides:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"B.(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

"B.(2) Misconduct of the jury or prevailing party.

"B.(3) Accident or surprise which ordinary prudence could not have guarded against.

"B.(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial.

"B.(5) Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"B.(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

[7] ORCP 64C provides:

"In an action tried without a jury, a former judgment may be set aside and a new trial granted on motion of the party aggrieved on any grounds set forth in section B. of this rule where applicable. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

entered or the 55-day period for deciding has expired. *See Mitchell & Lewis Co. v. Downing,* 23 Or 448, 454, 32 P 394 (1893); *see also Johnson v. Assured Employment,* 277 Or 11, 558 P2d 1228 (1977).

■■ Neither of those times had run here before landlord filed its notice of appeal 30 days after judgment was entered. Landlord's notice was premature. However, by filing the notice of appeal, landlord divested the trial court of jurisdiction to rule on the motion for a new trial or to allow the motion to be deemed denied. ORS 19.033. The proceedings in the trial court could not resume until an appellate court had dismissed the appeal as premature, which we do now. Because the motion for a new trial was pending in the trial court, it follows that tenant's cross-appeal was premature, and it too is dismissed.

■ Because the notice of appeal was filed 30 days after the entry of the judgment, there remain 25 days of the 55-day period during which the trial judge could rule on the motion for a new trial. When the trial court reacquires jurisdiction after issuance of the appellate judgment, it will have that period of time in which to rule. The 30-day period for filing a notice of appeal will commence after entry of the trial court's order or the expiration of the remaining 25 days, if no order is entered.

Appeal and cross-appeal dismissed.