Submitted on remand from the Oregon Supreme Court January 21, argued on remand July 15, 1988, affirmed February 22, reconsideration denied April 28, petition for review denied May 31, 1989 (308 Or 79)

# CARTER et al,
*Respondents,*

*v.*

# UNITED STATES NATIONAL BANK OF OREGON,
*Appellant.*

(L85-0997; CA A39448)

768 P2d 930

Michael W. Mosman, Portland, argued the cause for appellant. With him on the briefs were John F. Neupert, and Miller, Nash, Wiener, Hager & Carlsen, Portland.

David Morrison, Roseburg, argued the cause for respondents. With him on the brief was Heiling & Morrison, P.C., Roseburg.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

**DEITS, J.**

This case is before us on remand from the Supreme Court to determine the merits of defendant United States National Bank of Oregon's (USNB) original appeal. The trial court granted USNB's motion for summary judgment, but, on plaintiffs' motion for reconsideration, it denied summary judgment and vacated the previously entered judgment. USNB appealed to this court. Plaintiffs moved to dismiss the appeal on the ground that there was not an appealable order. ORS 19.010. We granted the motion and dismissed the appeal. *Carter v. U. S. National Bank,* 81 Or App 11, 724 P2d 340 (1986). USNB petitioned for review. The Supreme Court allowed review and then reversed and remanded the case to us. *Carter v. U. S. National Bank,* 302 Or 459, 730 P2d 37 (1986). We adhered to our previous opinion. *Carter v. U. S. National Bank,* 83 Or App 587, 732 P2d 934 (1986). USNB again petitioned for review; the Supreme Court granted the petition and again reversed and remanded the case to us. *Carter v. U. S. National Bank,* 304 Or 538, 545-46, 747 P2d 980 (1987), holding that an order setting aside summary judgment and granting a new trial is an appealable judgment. We now consider the merits of USNB's appeal and affirm.

On February 22, 1983, plaintiffs purchased a car from Jim Sigel Chevrolet, Inc.,[1] on an installment contract. As part of the contract, plaintiffs paid a premium for credit disability insurance. Sigel assigned the contract to USNB, and subsequent installment payments were made by plaintiffs to USNB. The payments were due on the 22nd day of each month. Shirley Carter was injured at work on March 17, 1984. She was treated in a hospital emergency room on March 18 and was advised by the emergency room doctor not to return to work until she saw a specialist. She continued to work, however, because she was concerned about losing her job. She eventually saw a specialist, who advised her to quit her job, which she did.

Plaintiffs failed to make their installment payments on March 22, and on April 22, 1984. On April 24, USNB notified them that the delinquent amount had to be paid within fifteen days. On June 13, 1984, it repossessed the car,

---

[1] Sigel did not join in this appeal.

allegedly without first ascertaining the nature of plaintiffs' disability insurance or whether plaintiffs were making a claim under the insurance. Although USNB does not agree, plaintiffs allege that they notified it of Shirley's disability before the repossession.

The trial court concluded that, under *Owens v. Walt Johnson Lincoln Mercury, Inc.,* 281 Or 287, 574 P2d 642 (1978), USNB, which was aware of the insurance provision in the contract, was required to ascertain if plaintiffs had a claim and to allow them the opportunity to establish their eligibility for coverage before repossessing.

■ USNB argues that, in this case, the disability insurance would not cover the total amount of the delinquent payments and that, therefore, *Owens* does not apply. However, even assuming that plaintiffs' insurance did not fully cover the delinquent amount, *Owens* is still applicable. The decision in *Owens* did not depend on the fact that the plaintiff's payments in that case could have been fully covered by her disability insurance. The defendant argued that it was not required to ascertain the nature of the plaintiff's insurance coverage and of her claim, because she had not proved that she was entitled to payments under the policy and, in fact, had never made a claim. The court rejected that argument, holding that the purchase of disability insurance from the creditor constituted an implied agreement that, before repossessing, the creditor would look first to collecting under the insurance, if it was aware of a possible claim. The court held that that requirement applied *whether or not* it was ultimately determined that the debtor was entitled to coverage. Similarly, in this case, it does not matter that plaintiffs' insurance might not cover the entire amount of the delinquency. If USNB was aware of plaintiffs' possible claim, it should have inquired into plaintiffs' insurance coverage before it repossessed her car.

■ USNB also argues that, even if *Owens* imposed a duty to ascertain the nature of plaintiff's insurance coverage and claim, it is entitled to summary judgment, because there are no *material* issues of fact. We disagree. Because the requirements of *Owens* apply, there are disputed material issues of fact: Did USNB know of plaintiffs' potential claim and, if so, did it ascertain the nature of plaintiffs' coverage and claim before the repossession?

■ USNB also argues that the trial court erred in granting plaintiffs' motion, because it failed to comply with ORCP 64. Before a motion to reconsider can be treated as a motion for a new trial, it must comply with ORCP 64. *Alternative Realty v. Michaels,* 90 Or App 280, 285, 753 P2d 419 (1988). We hold that the motion and the supporting memorandum sufficiently set out the grounds for a new trial, that there was an error of law and that there was insufficient evidence to justify the decision. ORCP 64B(5); ORCP 64B(6). Accordingly, the trial court did not err.

Affirmed.