On respondent's Motion to Dismiss Appeal filed September 18, 1997, motion allowed; appeal dismissed March 4, 1998

In the Matter of the Marriage of

Alicen Mary JOHNSTONE
nka Alicen Mary McCambly,
*Appellant,*
*and*

William Charles JOHNSTONE,
*Respondent.*

(C88-1257DR; CA A97079)

955 P2d 762

Mark A. Johnson and Findling & Johnson, for motion.

Andrew M. Rich and Huffman, Zenger & Rich, P.C., *contra.*

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Husband moves to dismiss this appeal on the ground that wife's appeal was untimely filed. We allow the motion, although for reasons different from those that husband asserts.

This is a contempt proceeding brought by husband against wife arising out of wife's alleged failure to comply with the requirements of an order modifying a dissolution judgment. The trial court, in an oral ruling, found wife in contempt. On March 7, 1997, before the court entered an order of contempt, wife filed a motion for a new trial. On March 26, the trial court entered an order finding wife in contempt and imposing sanctions; the court did not address the pending motion for a new trial. On April 22, wife filed a notice of appeal from the contempt order. On May 9, the trial court entered an order awarding attorney fees, and, on May 21, wife filed an amended notice of appeal.

On June 4, we issued an order remanding the case to the trial court with leave to enter an appealable judgment under *former* ORS 19.033(4) (since renumbered to ORS 19.270(4)). We did so on the ground that wife had taken appeal from the trial court's contempt "order"; neither party had brought to our attention the fact that the trial court had not disposed of the new trial motion. On June 17, the trial court entered an "amended judgment." On June 20, wife filed a second amended notice of appeal.

Husband now moves to dismiss the appeal on timeliness grounds. According to husband, wife's March 7 new trial motion suspended the time for filing a notice of appeal under ORS 19.255. When the trial court failed to dispose of the motion, by operation of law the motion was deemed denied on the 55th day following entry of the judgment. *See* ORCP 64 F. Husband calculates that date to have been August 8, 1997. He contends that wife then had 30 days from that date to file a notice of appeal. Wife having failed to do so, he concludes, her appeal is untimely. Her earlier notice of appeal, having been filed before the 30-day appeal period began to run, was "premature" and of no legal effect. Wife responds that her appeal was filed within 30 days of the only

judgment in this case, entered on June 17, and that her appeal is therefore timely.

■ ■    Ordinarily, when a party files a motion for a new trial, the trial court has 55 days from the entry of the judgment to "hear and determine" the motion. If the trial court fails to do so within that period of time, the motion is deemed denied. ORCP 64 F. In this case, however, wife filed a notice of appeal before the trial court heard and determined the motion and before the 55-day period expired. The filing of that notice of appeal divested the trial court of jurisdiction to act on the motion. *Alternative Realty v. Michaels*, 90 Or App 280, 287, 753 P2d 419 (1988). When we remanded the case to the trial court with leave to enter an appealable judgment, the court acquired jurisdiction only to do as allowed, and that jurisdiction ended upon entry of the "amended" judgment. *Baugh v. Bryant Ltd. Partnerships*, 312 Or 635, 825 P2d 1383 (1992). Since the filing of the original notice of appeal, therefore, the trial court has been without authority to act on the pending motion for a new trial, and because of that lack of authority the 55-day period has not expired in the meantime. *Alternative Realty*, 90 Or App at 287.

Because the trial court has not yet heard and determined the new trial motion, and because the 55-day period for deciding the motion has not yet expired, wife's appeal was premature and must be dismissed. *Id.* at 287-88. However, because there remains time during which the trial court could rule on the motion for a new trial, the 30-day period for filing a notice of appeal will commence after either entry of the trial court's order disposing of the motion or the expiration of the 55-day period, if no order is entered. *Id.*

Motion allowed; appeal dismissed.