Argued and submitted April 2, reversed and remanded June 20, appellant's reconsideration denied; respondents' reconsideration allowed by opinion September 5, 1990
See 103 Or App 320, 796 P2d 396 (1990)

Claude A. BENSON
and Delores A. Benson,
*Appellants,*

*v.*

Alice T. WEAVER,
*Respondent.*

Claude A. BENSON
and Delores A. Benson,
*Appellants,*

*v.*

R. Scott WEAVER
and Bonnie J. Weaver,
*Respondents.*

(85-3795-J-2, 85-3796-J-1; CA A51104)

793 P2d 348

David V. Gilstrap, Ashland, argued the cause for appellants. With him on the brief was Ainsworth, Davis, Gilstrap, Harris & Balocca, P.C., Ashland.

Thomas C. Howser, Ashland, argued the cause for respondents. On the brief were Judith H. Uherbelau, and Howser & Munsell, Ashland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiffs purchased real property from defendants in November, 1979, at which time defendants represented that the property had been lawfully partitioned. In fact, the property had not been partitioned as required by Jackson County ordinances and, thus, no permits could have been issued for development of the property. Plaintiffs first learned of the unlawful partitioning in 1985 and brought this action seeking damages on alternate theories of fraud and breach of contract. On cross-motions for summary judgment, the trial judge granted defendants' motion. We reverse.

Defendants' motion was based on the argument that, as a matter of law, plaintiffs had suffered no damage and, therefore, could not prevail under either theory. Defendants argue that the time for measuring damages in this case is the time of harm, which occurred no earlier than 1985, when plaintiffs learned of the unlawful partitioning. Defendants contend that the evidence shows that, when plaintiffs purchased the property in 1979, they intended to use it for industrial or commercial purposes and that the unlawful partition did not interfere with that intention. They argue that in 1985 when plaintiffs decided to market the property as residential and learned that they could not, the value of the property had increased and, therefore, plaintiffs suffered no damage.

The trial court agreed with defendants, relying on *Cameron v. Benson,* 295 Or 98, 664 P2d 412 (1983). However, plaintiffs are correct that that case is not controlling. In *Cameron,* the plaintiff purchasers sought specific performance of a contract to convey real property. The trial court granted the remedy with the alternative remedy that, should the defendants fail to convey, the plaintiffs were awarded damages based on the value of the real estate at the time of trial. The Supreme Court held that, when a trial court orders real property conveyed, the general rule that damages are measured as of the time of breach does not apply, and damages will be measured as of the time of the court's order.

Plaintiffs here did not seek specific performance. The general rule that the time to measure damages is as of the time of breach is applicable to these facts. *See Crahane et al v. Swan,* 212 Or 143, 318 P2d 942 (1957). The time of breach here

was November, 1979, when the sale closed.[1] Despite defendants' arguments to the contrary, any harm suffered by plaintiffs is not negated by an increase in value of the property after the purchase to the time of discovery of the unlawful partition. If plaintiffs paid more than they should have at the time of the sale because of defendants' actions, they have not realized as great a gain as they would have otherwise. The trial court erred in concluding that there could be no damages as a matter of law.

Plaintiffs argue that it was error not to grant their motion for summary judgment, because there were no material issues of fact regarding their claim for breach of contract.[2] Plaintiffs contend that we should remand for entry of judgment in favor of plaintiffs. *Cochran v. Connell,* 53 Or App 933, 632 P2d 1385, *rev den* 292 Or 109 (1981). However, plaintiffs are wrong. At the very least, issues of fact remain on the question of damages.

Reversed and remanded.

---

[1] The measure of damages for fraud in inducing the purchase of land is the difference between the purchase price and the fair market value at the time of the contract. *Southern Oregon Orchards Co. v. Bakke,* 106 Or 20, 210 P 858 (1922).

[2] Plaintiffs concede that their evidence would not allow them to prevail on summary judgment on their alternative claim of fraud.