Argued and submitted November 16, 1992, reversed and remanded September 29, reconsideration denied November 24, petition for review allowed December 7, 1993
(318 Or 170)

Kiem TO
and Chuc Nguyen,
*Appellants,*

*and*

Cung NGUYEN,
*Plaintiff,*

*v.*

STATE FARM MUTUAL INSURANCE,
a foreign corporation,
*Respondent,*

*and*

John DOE,
an uninsured motorist,
*Defendant.*

(9012-08224; CA A72878)

860 P2d 294

Michael H. Bloom, Portland, argued the cause and filed the briefs for appellants.

J. Philip Parks, Salem, argued the cause for respondent. With him on the brief were Billy M. Sime and Parks, Bauer & Sime, Salem.

Before Warren, Presiding Judge, and Edmonds and Landau,* Judges.

LANDAU, J.

_____

* Landau, J., *vice* Riggs, J.

## LANDAU, J.

This is a "phantom vehicle" case, in which plaintiffs Kiem To and Chuc Nguyen are attempting to recover under an uninsured motorist provision of their automobile insurance policy for injuries resulting from an accident that they allege was caused by an unidentified vehicle. At issue is the proper construction of a clause in plaintiffs' policy, which is based on ORS 742.504(2)(g), providing that the facts of phantom vehicle accidents must be corroborated by the testimony of someone other than a person who "has a claim" against the insurer resulting from that accident. Plaintiffs attempted to corroborate the facts of their case with the testimony of an eyewitness who was injured in the accident, but who had released the insurer from all claims arising out of the accident. The trial court held that the testimony of such a witness is inadequate as a matter of law and, on that basis, it entered summary judgment in favor of defendant and denied a cross-motion for summary judgment filed by plaintiffs. Plaintiffs appeal, assigning error to the trial court's decisions on both motions. We reverse and remand.

Each party moving for summary judgment must demonstrate that there are no material issues of fact and that it is entitled to judgment as a matter of law. *McKee v. Gilbert*, 62 Or App 310, 321, 661 P2d 97 (1983). We review the record for each motion in the light most favorable to the party opposing the motion. *Yartzoff v. Democratic-Herald Publishing Co.*, 281 Or 651, 655, 576 P2d 356 (1978).

Plaintiffs allege that they were injured when their car was forced off the road by a truck that had crossed the center line of the highway. They allege that a passenger, Cung Nguyen, also was injured in the accident. No one was able to identify the truck or its owner, and the only eyewitnesses were plaintiffs and Cung Nguyen. Plaintiffs sought recovery under an uninsured motorist provision of an automobile insurance policy they had purchased from defendant. The policy defines "uninsured motor vehicle" as

"a 'phantom motor vehicle' which is a land motor vehicle:

 "a. whose owner or driver remains unknown;

 "b. that causes bodily injury to the insured; and

"c. that does not strike either the insured or the vehicle the insured is occupying.

"*There must be proof of the facts of the accident other than the testimony of the insured or any other person who has a claim under this coverage.*" (Original emphasis deleted; emphasis supplied.)

That portion of the policy is based on ORS 742.504(2)(g), which provides:

" 'Phantom vehicle' means a vehicle which causes bodily injury to an insured arising out of a motor vehicle accident which is caused by an automobile which has no physical contact with the insured or the vehicle which the insured is occupying at the time of the accident, provided:

"* * * * *

"(B) The facts of such accident can be corroborated by competent evidence other than the testimony of the insured or any person having an uninsured motorist claim resulting from the accident."

Cung Nguyen originally was named as a plaintiff in this action, but later he released all claims against defendant and dismissed his claim with prejudice.

Defendant moved for summary judgment, arguing that the existence of the phantom vehicle could not be corroborated, because the only witnesses were plaintiffs and Cung Nguyen. According to defendants, plaintiffs could not corroborate the facts, because they were "the insured," and Cung Nguyen could not, because he was a person who — at least at the time of the accident — qualified as one who "has a claim" against defendant. Plaintiffs cross-moved for summary judgment, arguing that Cung Nguyen's testimony could be used as corroboration because, after the accident, he had waived any claims he might have asserted against defendant. Therefore, they argued, Cung Nguyen was, at the time of their motion, no longer a person who "has a claim" against defendant. The trial court granted defendant's motion and denied plaintiffs' cross-motion.

■ We address first the trial court's decision on defendant's summary judgment motion. The court concluded that, because the disputed portion of the policy was based on ORS 742.504(2)(g), resolution of the motion turned on the proper

construction of the statute. It then held that, under ORS 742.504(2)(g), the testimony of an eyewitness who had released all claims against the insurer could not corroborate the existence of a phantom vehicle. According to the trial court, the purpose of the statute is to prevent collusive claims in cases involving phantom vehicles, and that goal is best served by excluding the testimony of a person who, at any time, had an uninsured motorist claim against the insurer based on the accident at issue.

Although plaintiffs rely on the terms of their insurance policy, those policy terms are nearly identical to the relevant language of ORS 742.504(2)(g). Nothing in the record suggests that the policy was intended to provide broader coverage than the statute requires. Therefore, the trial court was correct in resolving the motion by construing the statute. *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32 (1980). The trial court was not correct, however, in its construction of the statute.

In construing the statute, we are mindful that the insurance code generally is to be liberally construed to give effect to the policy of protecting the insurance-buying public. ORS 731.016; ORS 731.008; *Porter v. Utah Home Fire Insurance Co.*, 58 Or App 729, 735, 650 P2d 130 (1982). ORS 742.504(2)(g) provides that the facts concerning a phantom vehicle accident must be corroborated by competent evidence other than the testimony of the insured or "any person having an uninsured motorist claim resulting from the accident." The statute uses the present tense, "having a claim," not the past perfect, "having had a claim." The use of that particular tense suggests that only the testimony of someone "having a claim" at the time the testimony is offered is insufficient to corroborate the facts of a phantom vehicle accident.

■ Defendant argues that, although it may be grammatically correct to construe the statute that way, the better construction of ORS 742.504(2)(g) is that the facts of the accident must be corroborated by evidence other than the testimony of a witness "having a claim" *at any time* following the accident. Defendant argues that any other construction

would invite collusion and fraud, the prevention of which was the purpose of the statute.[1]

The Supreme Court addressed the purpose of ORS 742.504(2)(g) (*former* ORS 743.792(2)(g)) in *Farmers Insurance Exch. v. Colton*, 264 Or 210, 504 P2d 1041 (1972). There, it explained that the statute was intended to broaden, not to narrow, rights of recovery in phantom vehicle cases. Before 1967, the insurance code required coverage in phantom vehicle cases only when there was proof of physical contact with the insured's vehicle. The physical contact requirement was designed to prevent fraudulent claims. However, it produced unfair results when there was no actual contact, but disinterested witnesses could verify the facts of an accident. In 1967, the physical contact requirement was eliminated, permitting the insured to recover as long as the facts of the accident could be corroborated by evidence other than the testimony of a witness having an uninsured motorist claim arising out of the accident. The corroboration requirement, the court said, "was intended to discourage and prevent fraudulent claims." 264 Or at 217. However, the court cautioned that "this restriction should not be extended to prevent recovery where fraud does not exist." 264 Or at 217.

That a purpose of the corroboration requirement of ORS 742.504(2)(g) was to discourage fraud does not compel adoption of defendant's proposed construction. Merely because a plausible construction would more completely prevent even the remotest possibility of fraud does not require that we adopt that construction. Particularly in the light of the court's admonition in *Colton* and the general rule that the insurance code is to be liberally construed, we are disinclined to ignore the ordinary meaning of ORS 742.504(2)(g) and read the statute as defendant suggests.

Fraud and collusion are most likely to exist in a case in which the witness has a financial stake in the outcome of the insured's claim. That is the focus of the language of ORS

---

[1] Defendant also argues that its proposed construction is supported by the legislative history of ORS 742.504(2)(g). When, as here, the language of the statute itself provides sufficient evidence of legislative intent, it is not appropriate for us to consult legislative history. *McKean-Coffman v. Employment Div.*, 312 Or 543, 549, 824 P2d 410, *on recon* 314 Or 645, 842 P2d 380 (1992). In any event, the legislative history on which defendant relies is, at best, inconclusive.

742.504(2)(g) that requires corroboration from someone other than one "having a claim" against the insurer. Because Cung Nguyen had released all such claims, his testimony was not insufficient as a matter of law to corroborate the facts alleged in plaintiff's complaint. The trial court, therefore, erred in granting defendant's motion for summary judgment.

■■ We now turn to the trial court's denial of plaintiffs' motion for summary judgment. At the outset, we address the question whether denials of summary judgment motions are reviewable. An order denying a motion for summary judgment is not appealable. *See, e.g., Smallwood v. Erlandson*, 281 Or 699, 702, 576 P2d 374 (1978); *Hoy v. Jackson*, 26 Or App 895, 898, 554 P2d 561, *rev den* 276 Or 735 (1976). Only final judgments are appealable, and an order denying a motion for summary judgment is neither final nor a judgment. ORS 19.010. However, where cross-motions for summary judgment result in denial of one motion and the granting of the other, a final judgment may be entered. In that case, an appeal may be taken from the judgment, and the denial of the cross-motion for summary judgment may be assigned as error for our review. *Delta Sand & Gravel Co. v. General Ins. Co.*, 111 Or App 347, 352, 826 P2d 82, *rev den* 314 Or 175 (1992); *St. Paul Fire & Marine Ins. v. Speerstra*, 63 Or App 533, 536, 666 P2d 255, *rev den* 295 Or 773 (1983); *Cochran v. Connell*, 53 Or App 933, 939, 632 P2d 1385, *rev den* 292 Or 109 (1981).[2] That is because there is a final judgment, and there are no other means to assert the denial of the summary judgment motion as error. *St. Paul Fire & Marine Ins. v. Speerstra, supra*, 63 Or App at 536. Here, the trial court entered final judgment following its decisions on

---

[2] Our decisions have not been entirely consistent on this point. On the one hand, we have frequently reviewed the denial of summary judgment motions following the entry of a final judgment. *See, e.g., Blanchard v. Kaiser Foundation Health Plan*, 117 Or App 377, 381, 844 P2d 248 (1992), *rev den* 316 Or 142 (1993); *Crane v. Mitchell*, 106 Or App 52, 58, 806 P2d 698 (1991); *Benson v. Weaver*, 102 Or App 225, 228, 793 P2d 348, *mod* 103 Or App 320, 796 P2d 396 (1990), *rev den* 311 Or 87 (1991). On the other hand, we have occasionally stated categorically that a denial of a summary judgment motion is not reviewable. *See, e.g., First Interstate Bank v. Haynes*, 73 Or App 714, 716 n 1, 699 P2d 1168, *on recon* 75 Or App 18, 704 P2d 1165, *rev den* 300 Or 180 (1985); *Hanneman v. Jones*, 45 Or App 1005, 1010 n 1, 609 P2d 912 (1980). Those statements incorrectly confuse the nonappealability of an interlocutory order with the reviewability of the trial court's disposition of a motion in an appeal from a final judgment. *See St. Paul Fire & Marine Ins. v. Speerstra, supra*, 63 Or App at 536.

the parties' cross-motions for summary judgment. Plaintiffs assign error to the denial of their motion. Under the circumstances, their assignment is reviewable.

■ Plaintiffs' assignment of error is predicated on the assumption that, because the trial court erred in granting defendant's motion for summary judgment, it also must have erred in denying their cross-motion for summary judgment. The assumption is unwarranted. "That one party fails to satisfy the burden on his own motion does not imply that the opposing party has satisfied *his* burden and should be granted summary judgment." *McKee v. Gilbert, supra,* 62 Or App at 321. We must draw all inferences from the proofs offered at the hearing in defendant's favor. *Yartzoff v. Democrat-Herald Publishing Co., supra.*

Plaintiffs offered the deposition of Cung Nguyen in addition to the items that defendant had submitted in support of its motion for summary judgment. The deposition includes information about the circumstances of Cung Nguyen's dismissal of his claims. A reasonable factfinder could infer from that information that Cung Nguyen was a biased witness. The resolution of issues of material fact in this case turns on the credibility of the witnesses. Drawing all inferences from the evidence in defendant's favor, we cannot say that a reasonable factfinder could resolve the factual issues only for plaintiffs. Therefore, the trial court properly denied plaintiffs' motion for summary judgment.

Reversed and remanded.