Argued and submitted December 20, 1999, reversed and remanded for further
proceedings September 13, 2000

Michael STILWELL,
James F. Stilwell, Teri A. Schmidt,
Kimberly A. Stilwell, Teri A. Schmidt,
as Trustee for the Wendy L. Stilwell Trust,
Michael J. Stilwell,
as Trustee for the Michael J. Schmidt Trust
and as Trustee for the Ryan F. Schmidt Trust,
*Appellants,*

*v.*

David A. SEIBEL
and Barbara G. Seibel,
*Respondents,*

*and*

David L. WRIGHT
and Barbara C. Wright,
*Defendants.*

(9700711CV; CA A105684)

10 P3d 319

William M. Ganong argued the cause and filed the briefs for appellants.

Benjamin Matthew Bloom argued the cause for respondents. With him on the reply brief on cross-assignment of error was Hornecker, Cowling, Hassen & Heysell. On respondents' brief were Dennis L. Oden, Stanley C. Jones, and Boivin, Jones, Uerlings, DiIaconi & Oden, P. C.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this action for breach of a commercial lease agreement, plaintiffs, the landlords, appeal a summary judgment dismissing their claims against defendants, the tenants. We reverse and remand for further proceedings.

The relevant facts are undisputed. Plaintiffs entered into an agreement to lease commercial premises to defendants, David and Barbara Seibel (the Seibels) and David and Barbara Wright (the Wrights), as joint obligors. The Seibels and Wrights, in turn, subleased the property to Darryl and Melody Sisto (the Sistos).

A dispute ensued over the failure of the tenants to pay rent and over the extent to which plaintiffs maintained the premises in good repair. Plaintiffs initiated two separate actions. First, they initiated an action for forcible entry and detainer (FED) against the Sistos, Seibels, and Wrights, seeking possession of the premises. Plaintiffs did not seek damages for unpaid rent in the FED action. Second, they initiated this action for breach of the lease agreement, based on failure to pay rent. The two cases were not consolidated.

The FED action was resolved by stipulated judgment of restitution of the premises and a money judgment. The judgment shows the Sistos as the judgment debtors. The record in this case shows that the Sistos ultimately satisfied that judgment.

Meanwhile, in the action for breach of the lease agreement, the Seibels filed a motion for summary judgment, asserting that the action was barred by the judgment of restitution and money damages entered in the FED action. The trial court denied the motion.

Plaintiffs settled with the Wrights. Plaintiffs and the Wrights executed a "Covenant Not to Further Sue or to Enforce Judgment," and the Wrights were dismissed from the action without prejudice. The Seibels then filed a second summary judgment motion, this time asserting that the settlement agreement with the Wrights had the effect of releasing all defendants. The trial court agreed and granted the motion, dismissing the claims against the Seibels.

During the pendency of the appeal, the Supreme Court issued its decision in *Schiffer v. United Grocers, Inc.,* 329 Or 86, 989 P2d 10 (1999), in which the court held that the release of one joint obligor does not necessarily release all joint obligors. Plaintiffs argue that, in light of the *Schiffer* decision, the trial court erred in entering summary judgment dismissing the breach of lease claims against the Seibels. The Seibels concede that the trial court erred in dismissing the claims on the basis of the settlement agreement with the Wrights.

The Seibels nevertheless assert, by way of a cross-assignment of error, that the judgment dismissing the claims against them must be affirmed, because the trial court erred in denying their first summary judgment motion. According to the Seibels, plaintiffs having received judgment for the unpaid rent, they are now barred from pursuing their claim for unpaid rent in the breach of lease action. Plaintiffs argue that the cross-assignment is not reviewable. On the merits, they argue that the settlement of the FED action in no way precludes their recovery of damages for unpaid rent in this action, because the law recognizes that FED actions and actions for rent are distinct and need not be joined in a single action. We conclude that the cross-assignment is reviewable, but that plaintiffs are correct that, on the merits, the settlement of the FED action does not preclude their prosecution of this action for breach of the lease agreement.

■■ In a case that has gone to trial, we will not review a denial of a motion for summary judgment unless it rests on a "purely legal contention" that does not require the establishment of any predicate facts. *Seidel v. Time Ins. Co.,* 157 Or App 556, 560, 970 P2d 255 (1998). The reason for the rule is that, when the case hinges on disputed facts that are ultimately determined at trial, "it would be * * * unjust to set aside a jury verdict supported by substantial evidence rendered after a full trial because the trial court should have given the opposing party summary judgment on less evidence." *Payless Drug Stores v. Brown,* 300 Or 243, 246, 708 P2d 1143 (1985). In such a case, the proper procedure is to address the legal sufficiency of the evidence when the evidence is in, not to challenge the pretrial denial of the summary judgment motion. *Id.*

■ The rule does not apply, however, when there is no trial. *St. Paul Fire & Marine Ins. v. Speerstra*, 63 Or App 533, 666 P2d 255 (1983), is directly on point. In that case, the defendants first moved for summary judgment against a claim on statute of limitations grounds. The trial court denied that motion. The defendants then moved for summary judgment on other grounds, which motion the trial court granted. The plaintiffs appealed, assigning error to the entry of summary judgment. The defendants cross-assigned error to the denial of the first summary judgment motion. As to the reviewability of the cross-assignment, we held:

> "The denial of a motion for summary judgment is not an appealable order. Under some circumstances, however, a denial may be reviewable. Final judgment was eventually entered in defendants' favor here, and they therefore had no reason or means to assert the denial of their summary judgment motion as error. A trial was never held, and so a motion for a directed verdict on the grounds now urged by defendants was precluded. Thus, because of the peculiar procedural posture of this case, we will review this alleged error."

*Id*. at 536 (citations omitted). *See also To v. State Farm Mutual Ins.*, 123 Or App 404, 410, 860 P2d 294 (1993), *aff'd in part and rev'd in part on other grounds* 319 Or 93, 873 P2d 1072 (1994) (denial of cross-motion for summary judgment reviewable on appeal). This case presents precisely the same posture as *Speerstra*. The Seibels' cross-assignment of error therefore is reviewable.

■ We turn to the merits of the dispute. FED actions and rent actions are distinct actions:

> "In the FED action the amount of unpaid rent is not an issue; in the other action [for breach of lease] it is the principal issue. Moreover, the relief available under each action is different. The principal relief in an FED action is a judgment for restitution of the premises, while the action for rent seeks a money judgment. * * * The two kinds of actions may be joined * * *, but joinder is not required."

*Owen J. Jones & Son, Inc. v. Gospodinovic*, 46 Or App 101, 105, 610 P2d 1238 (1980). In this case, plaintiffs initiated separate FED and rent actions. The two actions were not

joined. The FED action was settled. The court did enter a money judgment against the Sistos for damages, but nothing in the judgment purports to determine any matter at issue in this action. In particular, nothing in the judgment suggests that the Sistos' payments were intended to satisfy the Seibels' obligations under the lease agreement.

Reversed and remanded for further proceedings.